528 So.2d 1 (1988)
Enrique MORALES, M.D., White, Kump and Morales, M.D., P.A.; and Florida Patient's Compensation Fund, Appellants/Cross Appellees,
v.
Clara M. SCHERER, Appellee/Cross Appellant.
No. 4-86-1959.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
Rehearing Denied July 13, 1988.
Lanza & O'Connor, Coral Gables, and James C. Blecke, Miami, for appellants/cross appellees  Morales, and White, Kump, and Morales, M.D., P.A.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, and Conrad, Scherer & James, Fort Lauderdale, for appellant/cross appellee  Florida Patient's Compensation Fund.
Thompson & O'Brien, Fort Lauderdale, and Edna L. Caruso and Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, for appellee/cross appellant  Scherer.
GUNTHER, Judge.
Enrique Morales, M.D., his professional association (referred to collectively as Morales), *2 and the Florida Patient's Compensation Fund (Fund) appeal the following: (1) order and final judgment granting motion to limit final judgment; (2) order and final judgment granting motion for attorney's fees and costs; and (3) order denying limitation of liability pursuant to section 768.54, Florida Statutes. Cross appellant, Clara M. Scherer (Scherer), appeals the final order on the motion to limit final judgment.
After jury trial, a $240,000 judgment was entered in Scherer's favor against Morales and the Fund. Morales filed a motion to limit final judgment, maintaining that they were entitled to a $100,000 (pretrial settlement) reduction of the judgment and a set-off of collateral sources pursuant to section 768.50, Florida Statutes. The trial court granted the $100,000 reduction, but denied a set-off of collateral source benefits. Morales also filed a motion to limit his liability under section 768.54, Florida Statutes. The trial court denied the motion. Following an appropriate motion, Scherer was awarded a $120,000 attorney's fee and $9,782.95 costs.
We disagree with Morales' contention that the trial court should have reduced the jury verdict by Scherer's social security benefits and the medicare payments. Since Scherer was receiving social security benefits for a disability not the subject of the lawsuit, the benefits do not reflect double recovery. See Pinillos v. Cedars of Lebanon Hospital Corp., 403 So.2d 365, 367 (Fla. 1981). Furthermore, section 768.50, Florida Statutes, states: "there shall be no reduction for collateral sources for which a subrogation right exists." Under 42 U.S.C. § 1395y (b)(3)(A)(ii) (1986), Medicare has a right to subrogation. Since Medicare has a right of subrogation, the trial court properly determined that Morales did not have a right to set-off payments made by Medicare for Scherer's hospital bills. Therefore, we affirm the trial court's denial of a set-off for the collateral source benefits of social security and medicare.
Morales and the Fund argue that trial court erred in granting attorney's fees to Scherer under section 768.56, Florida Statutes. This section, provides for the award of attorney's fees to prevailing parties in medical malpractice actions filed after July 1, 1980. Although this section was repealed as of October 1, 1985, it is still applicable to actions pending prior to its repeal.
The Fund maintains that attorney's fees can not be assessed against it in a medical malpractice action. However, the recent Supreme Court decision of Florida Patient's Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla. 1987), makes it clear that the statutory language of section 768.54, Florida Statutes, creating the Fund should be construed to require the Fund to pay an award of attorney's fees.
Morales and the Fund maintain that a cause of action for an award of attorney's fees under section 768.56, Florida Statutes, accrues at the time of malpractice. They argue that the cause does not accrue at the time plaintiff discovers or should have discovered the malpractice, which is the time a malpractice action accrues for the purpose of the statute of limitations, section 95.11(4), Florida Statutes. However, case law fails to suggest that the time of accrual of a cause of action for awarding attorney's fees under section 768.56 should be any different than under section 95.11(4) dealing with the statute of limitations. We conclude that the jury's determination that the cause of action accrued after September 20, 1980, should control. Therefore, we affirm the award of attorney's fees and costs to Scherer under section 768.56.
Morales argues that his liability should have been limited by the trial court under section 768.54, Florida Statutes. This section provides that a health care provider shall not be liable for an amount in excess of $100,000 provided that he is a member of the Fund and pays the initial $100,000 of any settlement or judgment against him. Scherer acknowledges that Morales is a Fund member in good standing and that Morales paid his $100,000 primary policy limits. However, Scherer counters that *3 Morales is precluded from seeking limitation of liability under section 768.54 since Morales failed to raise the issue at the trial court until after filing the notice of appeal.
We agree with Scherer's contention that Morales' motion for limitation of liability under section 768.54 was untimely. A motion limiting liability under section 768.54 must be made within the time frame of Florida Rule of Civil Procedure 1.530(b). See Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), appeal dismissed and cert. denied, 383 So.2d 1198 (Fla. 1980). In this case, Morales failed to move to limit his liability within the time frame of Rule 1.530(b). Therefore, we affirm the trial court's denial of Morales' motion to limit liability under section 768.54.
On the cross appeal, Scherer argues that the trial court erred in awarding Morales a set-off of $100,000 for pretrial settlement. According to Scherer, the settlement she made with Morales does not comport with the intended scope of section 768.31(5), Florida Statutes. This section provides in part that a release or covenant not to sue reduces the claim against any other tortfeasor "to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater." § 768.31(5), Fla. Stat. (1985). Morales paid $100,000 pretrial to Scherer in order to have another doctor defendant dismissed from the instant litigation. Apparently this was done to permit the doctor to avoid discipline under section 458.331, Florida Statutes.
Under section 458.331(1)(t) "gross or repeated" malpractice is grounds for disciplinary action by the Board of Medical Examiners. "Repeated malpractice" includes by definition three or more claims for medical malpractice within a five-year period resulting in a judgment or settlement in excess of $10,000. Although the agreement for dismissal was between Scherer and Morales, the dismissal actually enured to the benefit of the other doctor. The situation anticipated under section 768.31(5) does not include such an arrangement. Since the pretrial settlement agreement does not fall within the plain meaning of section 768.31(5), we reverse the set-off award of $100,000 for the pretrial settlement.
AFFIRMED IN PART AND REVERSED IN PART.
LETTS, J., concurs.
ANSTEAD, J., dissents in part with opinion.
*4 ANSTEAD, Judge, dissenting in part.
I dissent to the extent that I would affirm the ruling challenged by the cross appeal and would reverse the trial court's award of attorney's fees. The malpractice alleged as the basis of this action took place well before the effective date of section 768.56, Florida Statutes (1983). In Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985) the Florida Supreme Court invalidated the retrospective application of section 768.56 and quoted with approval from its earlier decision in McCord v. Smith, 43 So.2d 704, 709 (Fla. 1949):
A retrospective provision of a legislative act is not necessarily invalid. It is so only in those cases wherein ... a new obligation or duty is created or imposed ... in connection with transactions or considerations previously had or expiated.

(Emphasis supplied.) I believe the application of section 768.56 to acts of malpractice occurring prior to its enactment constitutes a violation of the state and federal constitutional prohibitions against ex post facto laws. The damages and penalties, if any, including an award of attorney's fees, for which a physician may be held liable cannot be constitutionally enlarged after the date of the alleged malpractice.

ON REHEARING
PER CURIAM.
The petitions for rehearing are denied.
LETTS and GUNTHER, JJ., concur.
ANSTEAD, J., dissents in part with opinion.
ANSTEAD, Judge, dissenting in part.
I write only to note that the majority opinion on attorney's fees appears to conflict with two recent decisions, one from the Florida Supreme Court and one from this court. In Brown v. North Broward Hospital District, 521 So.2d 143, 146 (Fla. 4th DCA 1988), this court held:
The parties have filed motions for attorney's fees pursuant to section 768.56, Florida Statutes (1981). However, this statutory section has been held to be inapplicable to causes of action accruing prior to July 1, 1980. In this case, the incident occurred on June 3, 1980. Therefore, since the cause of action herein accrued prior to the effective date of the statute, the statute is inapplicable and we must deny the motions for attorney's fees. See Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985).
In Department of Transportation v. Soldovere, 519 So.2d 616 (Fla. 1988), the Florida Supreme Court held that a cause of action accrues upon the happening of an accident and the attendant injuries.