558 So.2d 411 (1990)
FLORIDA PATIENT'S COMPENSATION FUND, et al., Petitioners/Cross-Respondents,
v.
Clara M. SCHERER, Respondent/Cross-Petitioner.
No. 72878.
Supreme Court of Florida.
March 8, 1990.
*412 Joe N. Unger of the Law Offices of Joe N. Unger, P.A., and James C. Blecke, Miami, for petitioners/cross-respondents.
Edna L. Caruso and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, and Thompson & O'Brien, Fort Lauderdale, for respondent/cross-petitioner.
Debra J. Snow and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, amicus curiae for Florida Physicians Ins. Co.
KOGAN, Justice.
We have for review Morales v. Scherer, 528 So.2d 1 (Fla. 4th DCA 1988), based on conflict with Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Clara Scherer suffered a medical malpractice injury. Although her injury occurred in June 1979, Scherer did not file suit until September 20, 1982. Named as defendants were Dr. Morales, Dr. Schultz, Holy Cross Hospital, and the Florida Patient's Compensation Fund (the Fund). Prior to trial, the insurance company providing coverage for both Morales and Schultz agreed to pay Scherer a $100,000 pretrial settlement regardless of the outcome of the litigation. The terms of the settlement *413 agreement included dismissing Dr. Schultz from the lawsuit.
The jury returned a verdict finding Scherer had suffered damages of $400,000 from injuries caused by the negligence of Dr. Morales. However, the jury also determined that Scherer was forty percent negligent. The trial court entered a judgment of $240,000 against Morales and the Fund.
Morales moved to have the judgment reduced on two different grounds. First Morales argued that under section 768.50, Florida Statutes (1981),[1] he was entitled to a set-off of collateral sources of approximately $120,000 received by Scherer from Medicare and Social Security payments. Second, Morales argued that under section 768.31(5), Florida Statutes (1989),[2] the $100,000 which was to be paid to Scherer in accordance with the pretrial settlement agreement should be deducted from the judgment. The trial court granted the $100,000 reduction, but denied a set-off of the collateral source benefits. Furthermore, the trial court awarded Scherer attorney fees and costs pursuant to section 768.56, Florida Statutes (1981).[3]
After filing a notice of appeal on the issues of attorneys fees and the denial of set-off for collateral sources, Morales paid the $100,000 pretrial settlement amount and moved for a limitation of liability pursuant to section 768.54, Florida Statutes (1981). The trial court denied this motion, and Morales amended his notice of appeal to include this denial.
On appeal, the district court affirmed the trial court's denial of the set-off for collateral sources, the denial of the motion to limit liability under section 768.54, and affirmed the award of attorney's fees. Additionally, the order granting the $100,000 pretrial settlement reduction was reversed.
First, Morales and the Fund contend that the district court erred in awarding attorney's fees under section 768.56, Florida Statutes (1981). The district court found that a cause of action accrues for purposes of awarding attorney's fees under section 768.56 when a party discovers or should have discovered the existence of malpractice, which is the time the statute of limitations begins to run under section 95.11(4)(b), Florida Statutes (1989). The district court then concluded that the jury's determination that the cause of action accrued upon Scherer's discovery of her injuries sometime after September 20, 1980, controls.
Petitioners assert, however, that under this Court's decision in Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985), a cause of action accrues under section 768.56, Florida Statutes, when the negligent act causing injury occurred rather than when the plaintiff discovers or should have discovered the malpractice injury as provided in section 95.11. Petitioners argue that since the negligent act causing the injury occurred in June 1979, Scherer's cause of action accrued at that time, prior to the July 1, 1980, effective date of the statute. Therefore, they urge, the statute awarding attorney's fees does not apply in this case. We agree.
In Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985), Altenhaus suffered injuries from a malpractice incident that occurred in 1979.[4] This Court was asked whether section 768.56 applied to a cause of action that accrued prior to the statute's effective date. First, the Court determined that "a statutory requirement for the non-prevailing *414 party to pay attorney fees constitutes `a new obligation or duty,' and is therefore substantive in nature." Young, 472 So.2d at 1154 (citation omitted). In Young, the Court did not apply section 768.56 retroactively because Altenhaus' right to enforce his cause of action for malpractice vested in 1979, prior to the effective date of the statute. Due process considerations preclude retroactive application of a law that creates a substantive right. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982). As the Court observed, neither party was statutorily responsible for the opposing party's attorney's fees nor entitled to such an award at the time the cause of action accrued. Young, 472 So.2d at 1154. Implicit in the Court's conclusion in light of the facts presented in Young is that a cause of action for medical malpractice accrues for purposes of applying section 768.56 when the malpractice incident causing the injury and giving rise to the liability occurs.
In the present case, the jury determined that Scherer discovered her injuries after the 1980 effective date of section 768.56. However, Scherer's injuries were the result of an act of malpractice that occurred in June of 1979. Under Young, Scherer's cause of action accrued, for purposes of applying section 768.56, when the injury was inflicted in 1979, prior to the effective date of the statute. We agree with Judge Anstead's observation in his dissent to the majority decision in Morales that damages and penalties, including an award of attorney's fees, for which a physician may be held liable cannot be constitutionally enlarged after the date of the alleged malpractice. Morales v. Scherer, 528 So.2d 1, 3 (Fla. 4th DCA 1988) (Anstead, J. dissenting). To do so violates state and federal prohibitions against ex post facto laws. Accordingly, we vacate the award of attorney's fees and quash that portion of the district court's opinion holding that a cause of action accrues for purposes of awarding attorney's fees under section 768.56, Florida Statutes (1981), at the time a plaintiff discovers or should have discovered the malpractice, which is the time a malpractice action accrues for purposes of applying the statute of limitations, section 95.11(4), Florida Statutes (1989).
Next, we turn to the district court's finding that Morales was not entitled to a reduction under section 768.31(5)(a), Florida Statutes (1989), of the $100,000 pretrial settlement paid to Scherer. Section 768.31(5)(a) provides that a release given to one of two or more tortfeasors shall reduce the claim against any other tortfeasor "to the extent of any amount stipulated by the release ..., or in the amount of the consideration paid for it, whichever is the greater." § 768.31(5)(a), Fla. Stat. (1989). Schultz was a joint tortfeasor in this action. Scherer received $100,000 to dismiss Schultz. The $100,000 was paid to satisfy the claim at issue here, not a separate claim. This arrangement clearly falls within the plain meaning of section 768.31(5)(a), contrary to the district court's finding. Accordingly, we quash that portion of the district court's opinion in which the reduction of $100,000 for pretrial settlement was reversed. Thus, the $240,000 judgment entered against Morales must be reduced by the $100,000 received by Scherer as a pretrial settlement, leaving $140,000 remaining to be paid.
Morales also argues that he is entitled to a limitation of liability in accordance with section 768.54, Florida Statutes (1981). This section provides that a health care provider such as Morales shall not be liable for an amount in excess of $100,000 provided he or she is a member of the Florida Patient's Compensation Fund and pays the initial $100,000 of any settlement or judgment against him or her. § 768.54(2)(b), Fla. Stat. (1981). Both the district court and Scherer acknowledged that Morales is a Fund member in good standing and has paid his $100,000 primary policy limits. However, the district court agreed with Scherer's contention that Morales is precluded from seeking limitation of liability under section 768.54 because he failed to raise the issue in the trial court until after filing the notice of appeal. Morales v. Scherer, 528 So.2d at 3. We agree.
*415 The trial court had no jurisdiction to proceed with matters related to the final judgment after the notice of appeal had been filed. Hudson v. Hofmann, 471 So.2d 117 (Fla. 2d DCA), review denied, 480 So.2d 1294 (Fla. 1985). Moreover, as the district court noted, a motion to limit liability by limiting the judgment under section 768.54 must be made within ten days after entry of judgment as provided by Florida Rule of Civil Procedure 1.530(g).[5]See Mercy Hosp., Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), appeal dismissed and cert. denied, 383 So.2d 1198 (Fla. 1980). We agree that the appropriate time for filing a postjudgment motion to limit liability under section 768.54 is ten days following entry of the judgment.
In this case, the judgment was entered on March 11, 1986. The motion for limitation of liability was filed on August 27, 1986, some five months after entry of the judgment. The trial court denied the motion, and the district court of appeal affirmed the denial on the ground that it was untimely. Not only did Morales fail to file a motion to limit liability within the time frame provided by rule, but he also moved to limit the judgment at a time when the trial court was without jurisdiction to decide it. We agree that the motion to limit liability was filed untimely and approve the district court's finding.
Finally, in light of our determination that Scherer is not entitled to attorney's fees under section 768.56, her point on cross appeal in which she asserts that she is entitled to attorney's fees for appellate counsel is moot.
For the reasons stated in this opinion, we quash those portions of the fourth district's opinion awarding attorney's fees and reversing the set-off award of the $100,000 pretrial settlement. We approve the denial of the motion to limit liability.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and GRIMES, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
BARKETT, J., did not participate in this case.
McDONALD, Justice, concurring in part and dissenting in part.
I concur with the majority opinion in all respects except for its declining to afford Morales a limitation of liability of $100,000.[*] This limitation afforded by subsection 768.54(2)(b), Florida Statutes (1981), cannot be claimed until the $100,000 is paid. In this case the payment occurred post judgment and, when paid, satisfied the requirements of limitation of liability by a fund member.
I disagree that the failure to raise the issue of limitation of liability before appeal precludes the application of the limitation.
Florida Rule of Civil Procedure 1.530(g), cited by the majority, states: "A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment except that this rule does not affect the remedies in Rule 1.540(b)." (Emphasis supplied.) One should then turn to the exceptions delineated in rule 1.540(b). This rule states, in part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision *416 does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
I conclude that rule 1.540(b)(5) provides a vehicle to raise a postjudgment limitation claim when the availability of the limitation arises post judgment. The judgment against Morales was paid up to his liability and should be satisfied. Judgment for the remaining $40,000 should be entered solely against the fund.
NOTES
[1] This statute was repealed in 1985.
[2] Section 768.31, Florida Statutes (1989), addresses contribution among tortfeasors. Subsection (5)(a) involves releases and covenants not to sue.
[3] Section 768.56, Florida Statutes (1981), provides, in pertinent part, that:

(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization... .
(2) This statute shall not apply to any action filed before July 1, 1980.
[4] Mathews v. Pohlman, case number 64,589, was consolidated with Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985). The alleged malpractice acts that caused Mathews' injuries occurred in 1978 and 1979.
[5] We note that the district court incorrectly cited to rule 1.530(b).
[*] This limitation will have no practical effect on the amount Scherer receives because the fund is responsible for the payment of the judgment in excess of $100,000.