636 So.2d 729 (1993)
NOVA UNIVERSITY, INC., Appellant,
v.
Sandi Frances KATZ, Appellee.
No. 92-1107.
District Court of Appeal of Florida, Fourth District.
August 25, 1993.
Order Denying Rehearing, but Clarifying Determination February 16, 1994.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Donald Feldman and Howard I. Weiss of Weiss & Handler, P.A., Boca Raton, for appellee.
PER CURIAM.
A cheerleader at Nova University fell and severely injured her foot during practice. She claimed, and the jury agreed, that the school was negligent in that the coach failed to provide the required spotters for the stunt and otherwise negligently failed to supervise the students. The school appeals an adverse jury verdict. It argues that appellee's claim should have been barred by the doctrine of express assumption of risk.
Based on Mazzeo v. City of Sebastian, 550 So.2d 1113 (Fla. 1989), we affirm. In Mazzeo, a plaintiff knowingly dove into the shallow portion of a municipality's artificial lake. The court found that this activity did not amount to express assumption of *730 risk, as that exception to a defendant's negligence was narrowly drawn to protect other participants in contact sports from unwarranted liability for injuries due to bodily contact inherent in the sport. See Kuehner v. Green, 436 So.2d 78 (Fla. 1983). The court reasoned that she may have been foolish in diving into the shallow lake and thus negligent herself, which the court characterized as implied qualified assumption of risk (accepting a risk which may be reasonable or unreasonable depending on the circumstances). Nevertheless, despite her unreasonable conduct, the plaintiff did not agree to absolve the city of liability for its failure to have a lifeguard present or to post adequate signs. Therefore, the case could be submitted to the jury on comparative negligence principles.
Here, the cheerleader's conduct in going ahead with a stunt even though she knew spotters were not present may be characterized as implied qualified assumption of the risk. While she may have waived risks inherent in the sport itself, those do not include the failure to have proper supervision and to have spotters. She did not absolve the school of its responsibility for proper instruction and to properly supervise the activity. See also Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986). It was for the jury to weigh the reasonableness of her activity against the school's negligence. Thus, her conduct was correctly evaluated under traditional comparative negligence rules. See also Kirk v. Washington State University, 109 Wash.2d 448, 746 P.2d 285 (1987).
Appellant also contends that the trial court erred in failing to grant a continuance of the trial until appellee's foot was healed and the appellant could obtain a final diagnosis and prognosis of the injury. Otherwise, no determination on future damages could be made. A review of the record shows that not only was there expert testimony from which a determination could be based, but appellant failed to secure a second examination of appellee's foot which was authorized by the trial court. Appellant claims that the second examination would have been useless, but we cannot conclude as much. The first examination was not made because appellee's foot was in a splint. There was no such impediment to a second evaluation. Without such an examination it is difficult to argue that evaluation regarding the extent of the permanent injury was impossible to make at any time before trial. Johnston v. Dugger, 583 So.2d 657 (Fla. 1991). Thus, the trial court did not abuse its discretion in denying the motions. Fuller v. Rinebolt, 382 So.2d 1239 (Fla. 4th DCA 1980); Boylan v. Boylan, 571 So.2d 580 (Fla. 4th DCA 1990).
The final point raised by appellant regarding reduction of the verdict by collateral sources was abandoned by its decision to forego its post-judgment motions and appeal the final judgment. See 9.020(g)(3); In re Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla. 1991).
Affirmed.
GUNTHER and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.

ON MOTION FOR REHEARING, CLARIFICATION OR CERTIFICATION
The motion for rehearing is denied. However, we clarify our determination that the appellant's motion to amend the judgment by deducting collateral source payments was abandoned. The appellant raised the necessity to reduce any damages awarded to the appellee by collateral sources as an affirmative defense in its answer. However, it did not raise again the issue either before or during trial. Although it filed a timely motion for new trial and amendment thereto, it did not raise the issue in those motions. The trial court denied the motion for new trial and entered final judgment. Seven days later the appellant moved to amend the judgment to deduct collateral source payments. However, before a hearing and ruling thereon was secured from the trial court, the appellant filed a notice of appeal. That constitutes an abandonment of the motion. In re Forfeiture of $104,591 U.S. Currency, 589 So.2d 283, 285 (Fla. 1991).
Appellant contends that while filing the notice of appeal may be an abandonment of the motion to amend so as to vest jurisdiction in the appellate court, it does not amount to an abandonment of the issue regarding collateral *731 sources. But that assumes that the issue was properly preserved prior to the abandonment of the motion to amend. In this case, it was not. Neither pre-trial nor post-trial motions raised the issue of reduction for collateral sources. While it was raised as an affirmative defense, the party raising the issue has the burden of preserving and proving it. The only mention of collateral source reduction after the filing of the affirmative defense came in the abandoned motion to amend. Thus, because the issue was not presented to the lower court for determination, the trial court cannot be said to have erred in failing to reduce the award.[1]
NOTES
[1] Rule 1.530 does not directly address when a motion to reduce an award by collateral sources should be filed. Must it be filed within 10 days after the jury verdict, or under 1.530(g) within 10 days after the final judgment? If the latter, then there is the potential to have two successive motions suspending rendition of the judgment for appeal. We analogize a motion to reduce for collateral sources to a motion to limit liability by limiting the judgment under former Section 768.54 which must be made within ten days after entry of judgment as provided by Rule 1.530(g). See Florida Patient's Compensation Fund v. Scherer, 558 So.2d 411 (Fla. 1990). However, in K.C. v. A.P., 577 So.2d 669 (Fla. 3d DCA 1991), the Third District held that a "motion to reduce the judgment due to collateral source payments" was not within that class of motions which would suspend rendition under 9.020(g), thus determining that it was not an authorized motion to amend. We find this holding at odds with Scherer and our own analysis of the issue. However, because the motion in K.C. was filed within ten days of the verdict but not ruled upon by the trial judge before disposing of the concurrently filed motion for new trial, we find that case distinguishable from the instant case.