639 So.2d 1020 (1994)
Howard ZALKIN, etc., et al., Appellants,
v.
AMERICAN LEARNING SYSTEMS, INC., Appellee.
No. 93-2312.
District Court of Appeal of Florida, Third District.
July 5, 1994.
Rehearing Denied August 16, 1994.
Carlos Lidsky and Charles L. Vaccaro, Hialeah, for appellants.
Richard A. Sherman and Rosemary B. Wilder, Fort Lauderdale, Alan L. Landsberg, Hollywood, and Russell B. Karr, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
An injured high school football player appeals from a final judgment entered pursuant to a jury verdict for the school. For the following reasons, we reverse and remand for a new trial.
Miles Zalkin, an eleventh grade student at American Heritage School in Plantation, was a defensive tackle for the school's football team. In the last regulation game of the season, Miles injured his shoulder and informed his coach of the injury. The coach advised Miles to seek medical attention, and limited his practice and weight-lifting. Ten days later the coach placed Miles in a round-robin football game, during which Miles further injured his shoulder.
Miles, through his parents, sued the school for negligent supervision in allowing him to play while injured. The school asserted various affirmative defenses, including express assumption of risk. The trial court, over plaintiff's objection, instructed the jury that express assumption of risk was an absolute bar to a negligence action. Over further objection by the plaintiff, the jury was provided with a special interrogatory verdict form that began with questions relating to express assumption of risk, and that directed the jury to proceed no further if they determined that plaintiff had expressly assumed the risk. The jury found that Miles knew of the danger, appreciated the possibility of injury, and deliberately exposed himself to the danger. The trial court, in accordance with the jury verdict, entered judgment for the school.
We reverse, and hold that express assumption of risk is not a bar to an action for negligent supervision of a minor engaged in a contact sport. The Florida Supreme Court has held that knowing and voluntary participation in contact sports constitutes an express assumption of risk "essential to protect the other participants from unwarranted liability for injuries due to bodily contact inherent in the sport." Mazzeo v. City of Sebastian, 550 So.2d 1113, 1116 (Fla. 1989) (emphasis added). See also Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986). "When a participant [in a contact sport] volunteers to take certain chances he waives his *1021 right to be free from those bodily contacts inherent in the chances taken. Our judicial system must protect those who rely on such a waiver and engage in otherwise prohibited bodily contacts." Kuehner v. Green, 436 So.2d 78, 80 (Fla. 1983).
Miles did not sue another football player for an injury caused by a risk inherent in the sport itself. Instead, his claim was that the school failed to supervise the sport properly and allowed him to play when it knew, or should have known, that he was already injured. Although Miles may have waived risks inherent in the sport itself  those that arise from the bodily contact with the other players  those risks did not include the failure to have proper supervision. See, e.g., Nova Univ. v. Katz, 636 So.2d 729 (Fla. 4th DCA 1993), clarified on other grounds, 19 Fla. L. Weekly D337 (Fla. 4th DCA Feb. 16, 1994). In Nova, a cheerleader sued the university for injuries she sustained during a stunt, alleging that the school negligently failed to provide spotters and negligently failed to supervise the students. The fourth district held that the action was not barred by express assumption of risk, as the risks that the cheerleader may have assumed by participating in the sport "did not absolve the school of its responsibility for proper instruction and to properly supervise the activity." Nova, Id.
Because Miles did not expressly assume the risk of negligent supervision, his claim must be evaluated by a jury under principles of comparative negligence. Mazzeo, 550 So.2d 1113 at 1116. The trial court therefore erred in instructing the jury on express assumption of risk, and in providing a special interrogatory verdict that barred recovery once the jury determined that Miles had assumed the risk of injury.
Reversed and remanded for a new trial.