689 So.2d 302 (1997)
Leonne CENATUS, as natural parent and next best friend of David Pierre, Appellant,
v.
NAPLES COMMUNITY HOSPITAL, INC.; Frank Fumia, M.D.; and Lawrence J. Carley, M.D., Appellees.
No. 95-02707.
District Court of Appeal of Florida, Second District.
January 17, 1997.
Rehearing Denied February 20, 1997.
*303 Marc Cooper, Maureen E Lefebvre, and Maureen Gallen of Cooper & Wolfe, P.A., Miami; and Grover Weinstein Stauber & Friedman, Miami Beach, for Appellant.
Raymond T. Elligett, Jr., and Amy S. Farrior of Schropp, Buell & Elligett, P.A., Tampa, for Appellees Naples Community Hospital and Frank Fumia, M.D.
Ila J. Klion of Bunnell Woulfe Kirschbaum Keller & McIntyre, Ft. Lauderdale; and Hicks, Anderson & Blum, P.A., Miami, for Appellee Lawrence J. Carley, M.D.
BLUE, Judge.
Leonne Cenatus, as parent and next friend of David Pierre, appeals an adverse jury verdict in this medical malpractice case. Cenatus raises several issues on appeal. We find merit in her argument that the trial court erred by limiting the testimony of an expert witness regarding the standard of care. On this issue, we reverse as to Dr. Carley but affirm the verdict in favor of Dr. Fumia and Naples Community Hospital because as to these two defendants the error was harmless. On all other issues, we affirm without discussion.
Briefly stated, the facts of the case are as follows. In November 1986, David Pierre's parents took him to the Naples Community Hospital Emergency Room because he was feverish and vomiting. Dr. Fumia diagnosed the problem as ear infections and prescribed Tylenol and Amoxicillin, an antibiotic. The following day, David's parents took him to the Lee Memorial Hospital Emergency Room where he was seen by Dr. Carley. Dr. Carley ordered a complete blood count, a blood culture and a chest x-ray. Dr. Carley diagnosed David with an upper respiratory infection, prescribed Alupent, an asthma medication, and sent him home. From the testimony at trial, it appeared uncontroverted that David had bacteremia, a bacterial infection in the bloodstream, when he was seen by Dr. Carley. The blood culture results, which were available two days later, showed that David tested positive for bacteremia. Unfortunately, Lee Memorial failed to inform David's parents of these results. If a child with bacteremia is given effective antibiotics before the bacteria reaches the spinal fluid, meningitis is preventable. In this case, however, the meningitis "seeded," which occurs when the bacteria infects the meninges and spreads to the spinal fluid. As a result of the meningitis that developed, David is deaf, mentally retarded and paralyzed. Cenatus brought suit against Dr. Fumia, Naples Community Hospital, Dr. Carley and Lee Memorial Hospital. Lee Memorial settled prior to litigation.
At trial, Cenatus called Dr. Weintzen as an expert witness on the standard of care. The defense raised an objection regarding Dr. Weintzen's qualifications. The trial court sustained the objection and ruled that Dr. Weintzen could testify as an expert on bacteremia and bacterial meningitis but he could not testify as an expert on the standard of care. Cenatus argues that the trial court incorrectly limited this expert testimony because it applied the wrong version of the statute relating to the qualifications for an expert witness to testify regarding the standard of care.
Section 768.45, Florida Statutes (1985), provides the qualifications for expert witnesses who testify regarding the standard of care in medical malpractice actions. The *304 defense conceded below that Dr. Weintzen would be qualified to testify as a standard of care expert under this version of the statute. But in 1988, the statute was amended and renumbered. The legislature added an additional qualification for expert witnesses who testify in actions against emergency room doctors. Section 766.102(6)(a), Florida Statutes (1988), requires that the expert witness must "have had substantial professional experience within the preceding 5 years while assigned to provide emergency medical services in a hospital emergency department." The defense argued, and the trial court agreed, that Dr. Weintzen was not qualified under the amended statute because he had not been assigned to an emergency room within the preceding five years.
Section 766.102(6)(a) became effective on February 8, 1988, and applies only to actions arising after the effective date. Ch. 88-1, §§ 86-87, Laws of Fla. Cenatus argues that her cause of action arose in 1986, when the doctors treated David. We agree. In Florida Patient's Compensation Fund v. Scherer, 558 So.2d 411 (Fla.1990), the supreme court held that a medical malpractice cause of action accrues when the injury is inflicted. 558 So.2d at 414 (quashing district court opinion that held a cause of action accrues when injured party discovers or should have discovered the malpractice). Although Scherer involved an award of attorney's fees, we conclude that it is applicable to the present case. Because this cause of action accrued in November 1986 when David was treated, the trial court should have applied the version of the statute in effect at that time. Accordingly, it erred in excluding Dr. Weintzen's expert testimony regarding the standard of care.
Based on the proffer of Dr. Weintzen's testimony, we conclude that the evidence would not support the claims against Dr. Fumia and Naples Community Hospital. The testimony negated the claim that these parties were the proximate cause of the injury. Accordingly, we affirm the verdict in their favor. See Gooding v. University Hosp. Bldg., Inc., 445 So.2d 1015 (Fla.1984) (holding that medical malpractice plaintiff must show the injury more likely than not resulted from defendant's negligence).
As to Dr. Carley, however, we conclude that there was sufficient evidence of proximate cause to require reversal. Further, the record does not support a conclusion that the exclusion of Dr. Weintzen's testimony was harmless error as to Dr. Carley. Although Cenatus offered other expert testimony, it is clear from the record that Dr. Weintzen was intended to be the primary expert on behalf of the plaintiff.[1] Even if expert testimony is cumulative, excluding such testimony is harmful because "[a] medical malpractice case is always necessarily a battle of expert witnesses." Lake v. Clark, 533 So.2d 797, 799 (Fla. 5th DCA 1988). Accordingly, we reverse the verdict in favor of Dr. Carley and remand.
Affirmed in part, reversed in part and remanded.
THREADGILL, C.J., and WHATLEY, J., concur.
NOTES
[1] A brief review of Dr. Weintzen's qualifications reveals why Cenatus intended to rely on his expert testimony. Dr. Weintzen is chief of the Division of Pediatric Infectious Diseases at Georgetown University Hospital and author of many authoritative articles, including "Occult Bacteremia in Toxic Appearing Febrile Infants." Dr. Weintzen lectures emergency room physicians on the issues involved in this case and regularly consults with ER physicians. Finally, it is interesting to note that Dr. Carley's counsel attempted to employ Dr. Weintzen in this case but found that he had already been engaged by the plaintiffs.