Dear Mr. Purvis:
This office is in receipt of your opinion request in which you seek advice on the constitutionality of LSA-R.S. 30:74. You have expressed your concern as follows: "The Sheriff believes that the provisions of LSA-R.S. 30:74 may be in conflict with Article 7, Section 25(E) of the 1974 Louisiana Constitution." You have said that "the Department of Natural Resources informed the Catahoula Parish Sheriff's office that it did not consent to the Tax Sale of certain oil field property located in Catahoula Parish."
According to the letter attached to your opinion request, the Commissioner did not consent to the sale of the certain property pursuant to LSA-R.S. 30:74. In that letter, the Commissioner declined to consent because "these sites have been, or will be, orphaned by this Office and the Commissioner shall retain a first lien and privilege over this property to ensure that the wells are properly plugged and abandoned and the sites are restored pursuant to the Louisiana Oilfield Site Restoration Law (LSA-R.S.30:74)."
LSA-R.S. 30:74(3) (a) and (b) which are pertinent to your request, state:
 (3) (a) Prior to any sheriff's sale or public auction of any property related to the operation of oil and gas wells, the person seeking such sale shall notify the commissioner of such sale not less than thirty days prior to such sale. Such sale shall not occur unless the commissioner consents thereto in writing, and the sale shall include the wellbore unless specifically excluded from the sale. In the event the wellbore is not specifically excluded from the sale as provided herein, the sheriff or person seeking such a sale shall cause to be included in the notice of the sale and in the sale instrument a statement or notice that the purchaser shall be required to file the appropriate documents with the office of conservation to become operator of record of the subject well pursuant to the provisions of R.S. 30:204.
 (b) The commissioner may, if he deems it appropriate to insure the proper plugging and abandonment of wells and closure of the associated oilfield pits, retain a first lien and privilege on such property, which lien and privilege shall follow such property into the hands of third persons whether such persons are in good or bad faith. The commissioner shall record a notice of such lien with the clerk of court in the parish in which the property is located and in which the sale is to occur. The lien and privilege may be enforced against any person in possession of the property in the same manner as a lien provided under the Louisiana Oil Well Lien Act.
Pursuant to this provision, before any property related to oil and gas well operations can be sold at sheriff's sale or public auction, the commissioner must approve the sale. This statute also gives the commissioner the authority to retain a first lien on the property in order to insure its proper plugging and abandonment. By not consenting to the sale of the properties involved in this matter, the commissioner was simply exercising his authority to do so under this statute.
Article 7, Section 25 of the Louisiana Constitution of 1974 also provides for the sale of movable property when the taxpayer is delinquent in paying taxes. Subsection E of section 25 states:
 (E) Movables; Tax Sales. When taxes on movables are delinquent, the tax collector shall seize and sell sufficient movable property of the delinquent taxpayer to pay the tax, whether or not the property seized is the property which was assessed. Sale of the property shall be at public auction, without appraisement, after ten days advertisement, published within ten days after date of seizure. It shall be absolute and without redemption.
 If the tax collector can find no corporeal movables of the delinquent to seize, he may levy on incorporeal rights, by notifying the debtor thereof, or he may proceed by summary rule in the courts to compel the delinquent to deliver for sale property in his possession or under his control.
In accord with this article, a tax collector can sell a delinquent taxpayer's movable property which can be seized. You have asked this office to issue an opinion on whether LSA-R.S.30:74 is in conflict with the procedure set out in this article and if it is unconstitutional.
It is the policy of this office to refrain from opining whether a statute is constitutional inasmuch as the Attorney General is charged with defending the constitutionality of all legislative statutes. The appropriate vehicle by which the constitutionality of a statute should be determined is a declaratory judgment between interested parties with a case in controversy. At this time, we are unaware of any judicial proceedings or decisions pertaining to the constitutionality of LSA-R.S. 30:74. Inasmuch as it is legally presumed that all statutes are constitutional unless declared otherwise by a court of competent jurisdiction, we are constrained to presume that LSA-R.S. 30:74 is constitutional. State in the interest of J.A.V., 558 So.2d 414
(La. 1980); Gulf Oil Corporation v. State Mineral Board,317 So.2d 576 (La. 1975).
Until further guidance is provided by a court of competent jurisdiction, we must assume that the commissioner's action in denying the sale of this property was proper under the powers granted to him in this statute. We regret we cannot be of further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ EMORY A. BELTON, JR. ASSISTANT ATTORNEY GENERAL
RPI/EAB/tp