721 So.2d 426 (1998)
Juanita NALLS, Appellant,
v.
Inez MILLENDER, Second Successor-Trustee of the Trust Estate of Elizabeth Perry, deceased, Appellee.
No. 98-0853.
District Court of Appeal of Florida, Fourth District.
December 2, 1998.
*427 Michael D. Brown of Brown & Associates, P.A., Riviera Beach, for Appellant.
Robert C. Sorgini of Sorgini & Sorgini, P.A., Lake Worth, for Appellee.
KLEIN, Judge.
Appellant, one of twelve beneficiaries of a trust, brought this action alleging that the trustee had been derelict in carrying out her duties in the trust. She did not prevail on most of her allegations, but the court did order the trustee to reimburse the trust for inappropriate expenditures amounting to $2,199. On this appeal, appellant questions only the trial court's order denying her attorney's fees. We affirm.
Appellant first argues that the trial court should have granted her fees under section 733.106(3), Florida Statutes (1997), which provides:
Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition. [emphasis added]
This provision, which is found in our probate code, only authorizes attorney's fees where services have been rendered to an estate. The present litigation involved a trust, not an estate, and section 773.106(3) is therefore not applicable.
Trusts are governed by Chapter 737, and section 737.627, Florida Statutes (1997), authorizes attorney's fees. It provides:
In all actions challenging the proper exercise of a trustee's powers, the court shall award taxable costs as in chancery actions, including attorney's fees.
"The well settled `rule in chancery cases is that a court of equity may, as justice requires, order that costs follow the result of the suit, apportion the costs between the parties, or require all costs be paid by the prevailing party.'" Estate of Brock, 695 So.2d 714, 716 (Fla. 1st DCA 1996) (quoting Dayton v. Conger, 448 So.2d 609, 612 (Fla. 3d DCA 1984) (citing Akins v. Bethea, 160 Fla. 99, 33 So.2d 638, 640 (1948))). Our standard of review is abuse of discretion. Palmer v. Horton, 469 So.2d 903 (Fla. 3d DCA 1985).
Appellant argues that the trial court erred in finding that she was not a prevailing party. We find no error in that finding, but even if she had been a prevailing party, section 737.627 gives a court more flexibility than the court would have under the prevailing party standard. Under the chancery rule adopted in the statute, prevailing party is one method for determining fees, but not the only method.
*428 Appellant also argues entitlement to fees under the common fund rule. Estate of Hampton v. Fairchild-Florida Constr. Co., 341 So.2d 759 (Fla.1976) (equity allows attorneys' fees from a fund which has been benefitted by the rendering of legal services). She seeks $8,650 for attorney's fees and $1,416.81 in costs, but her counsel's efforts resulted in a benefit to the trust of only $2,199. Denying fees and costs under these circumstances was not an abuse of discretion.
Affirmed.
STONE, C.J., and OWEN, WILLIAM, C., Jr., Senior Judge, concur.