839 So.2d 774 (2003)
FIRST UNION NATIONAL BANK, Appellant,
v.
Helen J. TURNEY, Appellee.
No. 1D01-1120.
District Court of Appeal of Florida, First District.
February 6, 2003.
Rehearing Denied March 19, 2003.
*776 Virginia B. Townes and Stacey L. Cole of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellant.
Thomas S. Edwards of Peek, Cobb, Edwards & Ashton, P.A., Jacksonville, and James L. Ford, Sr., Atlanta, Georgia, for Appellee.
VAN NORTWICK, J.
First Union National Bank (First Union) appeals a final judgment awarding attorney's fees to Helen J. Turney, appellee. Mrs. Turney, as beneficiary of her late husband's trust, brought the underlying action against First Union, in its capacity as trustee of the Turney trust, based upon allegations that First Union had breached its fiduciary duty during the life of the trust. Mrs. Turney recovered a substantial jury verdict which was affirmed by this court. See First Union Nat'l Bank v. Turney, 824 So.2d 172 (Fla. 1st DCA 2001) (Turney I), rev. denied, 828 So.2d 385 (Fla.2002). Also, the trial court ordered First Union to pay Mrs. Turney's attorney's fees and costs pursuant to section 737.627, Florida Statutes (1993). First Union asserts that the award of fees under section 737.627 was erroneous because appellee's cause of action for breach of fiduciary duty accrued prior to the effective date of the statute and, based upon the authority of Florida Patient's Compensation Fund v. Scherer, 558 So.2d 411 (Fla.1990), the fee statute cannot be retroactively applied. Because we find that certain of the acts constituting a breach of fiduciary continued beyond the October 1, 1993, effective date of the statute, we conclude that the trial court did not err in applying this fee statute, and we affirm.
Because this case involves the threshold resolution of the legal issue of whether section 737.627 can be applied in the instant case, we review that portion of the trial court's order under a de novo standard of review. See Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787 (Fla. 2d DCA 2000). Once the attorney's fee statute is determined to be applicable, however, any issue relating to whether the award under the statute is appropriate is reviewed under an abuse of discretion standard. See Nalls v. Millender, 721 So.2d 426, 427 (Fla. 4th DCA 1998)(holding that abuse of discretion standard applies to review of order granting fees under section 737.627).
Section 737.627, Florida Statutes (1993), provides, in pertinent part, that "[i]n all actions challenging the proper exercise of a trustee's powers, the court shall award taxable costs as in chancery actions, including attorney's fees." First Union argues *777 that, because section 737.627 was enacted with an effective date of October 1, 1993, see chapter 93-257, § 18 at 2512, Laws of Florida, and Mrs. Turney's cause of action accrued several years prior to 1993 when the acts constituting a breach of fiduciary duty occurred, the trial court erred in applying section 737.627 as the basis for an award of fees. The trial court rejected First Union's argument, ruling that "Plaintiff's entitlement to fees vested upon the Plaintiff's becoming the prevailing party" and that "[t]he date of enactment of § 737.627, Fla. Stat., is of no consequence, as it was enacted prior to the jury's determination which resulted in the prevailing party in this suit being determined."
We agree with First Union that the trial court erred in basing its application of the fee statute on the fact that the date on which Mrs. Turney was determined to be the prevailing party occurred after the effective date of section 737.627. In Scherer, the plaintiff suffered damages by an act of medical malpractice which occurred in 1979 and discovered her injuries some time after September 1, 1980. The Supreme Court held that the attorney's fees provision of section 768.56, Florida Statutes (1981), which had become effective on July 1, 1980, could not be applied because "a cause of action for medical malpractice accrues for purposes of applying section 768.56 when the malpractice incident causing the injury and giving rise to the liability occurs," not upon discovery of the injury. Scherer, 558 So.2d at 414. For the purposes of the statute of limitations, the delayed discovery doctrine applies to postpone accrual of a cause of action until the act or injury is discovered by the plaintiff, see Hearndon v. Graham, 767 So.2d 1179 (Fla.2000).[1] Nevertheless, the Supreme Court reasoned in Scherer that to apply a fee statute to a tort that occurred before the statute's effective date violates the constitutional prohibitions against ex post facto laws. Scherer, 558 So.2d at 414. In that context, Scherer held that the damages, including an award of attorney's fees, for which the defendant may be held liable cannot constitutionally be enlarged after the date of the malpractice. Id. As a result, under Scherer, the date of the accrual of a cause of action may differ, depending on whether one is seeking to apply the statute of limitations or an attorney's fee statute.
Although the reason stated by the trial court to support its award of attorney's fees was erroneous, "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record." Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). "[T]here must have been support for the alternate theory or principle of law in the record before the trial court." Robertson v. State, 829 So.2d 901 (Fla.2002). This principle, sometimes referred to as the "tipsy coachman" rule, see Home Depot U.S.A. Co., Inc. v. Taylor, 676 So.2d 479, 480 (Fla. 5th DCA 1996), arises from the presumption of correctness with which the judgment of the trial court is clothed. See Cohen v. Mohawk, Inc., 137 So.2d 222, 225 (Fla.1962). We find that the record here supports affirmance on a theory different than that adopted by the trial court.
Under the rule of Scherer, it is the date of the acts that constituted a breach or breaches of fiduciary duty, and *778 not the date of the determination of the prevailing party, which must be used in deciding whether section 737.627 can be applicable. Because it is apparent from the jury's answers to the interrogatories in the verdict form below and from this court's earlier opinion in Turney I that First Union's tortious acts continued beyond the October 1, 1993 effective date of section 737.627, we hold that the award of fees did not constitute a retroactive application of the statute and Scherer does not apply.
As discussed in Turney I, among the acts constituting breaches of fiduciary by First Union were the bank's conflicts of interest in a transaction with Port Sanibel, Ltd., the bank's deliberate withholding of information from Mrs. Turney concerning the facts constituting its breach of fiduciary duty, and the bank's attempt to obtain a general release from Mrs. Turney without providing her with the relevant and material information necessary to make an informed decision. See Turney I. "A fiduciary's deliberate withholding of material information the fiduciary has a duty to disclose constitutes fraudulent concealment." Turney I, 824 So.2d at 190; see also Nardone v. Reynolds, 333 So.2d 25, 39 (Fla.1976), receded from on other grounds, Hearndon v. Graham, 767 So.2d at 1184-85. From the facts discussed in Turney I, it is apparent that First Union continued its concealment of relevant and material facts at least through 1993, as it unsuccessfully sought to obtain the general release from Mrs. Turney. See Turney I, 824 So.2d at 179-181. For example, in late September and early October 1993, First Union continued to communicate with two separate law firms relating to, among other things, First Union's possible liability either to the beneficiaries or to a successor trustee of the Turney trust arising out of the bank's conflict of interest. Id. at 180-181. At the same time, as Mrs. Turney and her son-in-law both testified at trial, First Union never advised Mrs. Turney or other beneficiaries that it had any conflict of interest during its administration of the trusts. Id. at 181. Further, according to the testimony of outside counsel to First Union who negotiated with the beneficiaries of the Turney trust on behalf of the bank, the bank offered to lend money to the trust, but only if the beneficiaries agreed to release all prior claims against the bank. Id. First Union's in-house counsel acknowledged that the bank did not, as far as she knew, ever inform Mrs. Turney of any conflict or of the nature of any claim that she might be giving up by executing the release First Union sought. Id.
Our conclusion that the breaches of fiduciary duty continued beyond October 1993 is also supported by the jury's answers to the verdict interrogatories. In those answers, the jury found that, prior to October 24, 1995, First Union had not provided Mrs. Turney an accounting or other statement fully disclosing the facts underlying the bank's breach of fiduciary duty. Further, Turney I observes that "[t]he bank never disclosed the breaches of fiduciary duty upon which Mrs. Turney ultimately sued." Id. at 188, n. 13.
Thus, we find that, although the initial tortious acts involving the bank's conflicts of interest may have been undertaken during a period covering 1982 through 1984, the bank's fraudulent concealment continued well after October 1, 1993, the effective date of section 737.627. As appellee correctly argues, unlike Scherer, where the tortious act was completed prior to the effective date of the fee statute, here, the tortious acts continued after the fee statute's effective date. As a result, the rule in Scherer does not preclude an award of attorney's fees under section 737.627 in the present case.
Section 737.627 provides that "[i]n all actions challenging the proper exercise *779 of a trustee's powers, the court shall award taxable costs as in chancery actions, including attorney's fees." An action seeking to recover for a bank trustee's breach of fiduciary duty is an "action" under section 737.627. See First Union Nat'l Bank v. Jones, 768 So.2d 1213, 1215 (Fla. 4th DCA 2000); and Republic Nat'l Bank v. Araujo, 697 So.2d 164, 166 (Fla. 3d DCA 1997). Further, "[t]he well settled `rule in chancery cases is that a court of equity may, as justice requires, order that costs follow the result of the suit, apportion the costs between the parties, or require all costs be paid by the prevailing party.'" Estate of Brock, 695 So.2d 714, 716 (Fla. 1st DCA 1996)(quoting Dayton v. Conger, 448 So.2d 609, 612 (Fla. 3d DCA 1984)). In view of the substantial jury verdict here, there is no abuse of discretion in the award of the attorney's fee. See Nalls v. Millender, 721 So.2d at 427.
AFFIRMED.
LEWIS, J., concurs and KAHN, J., dissents with written opinion.
KAHN, J., dissenting.
I dissent from the majority opinion because this court has no authority to affirm the award of attorney's fees to appellee.
Appellee correctly argues that the delayed discovery doctrine applies to postpone accrual of a cause of action until the act or injury is discovered by the plaintiff. See Hearndon v. Graham, 767 So.2d 1179 (Fla.2000). Indeed, this court has already held that the delayed discovery doctrine applies in this case. See First Union Nat'l Bank v. Turney, 824 So.2d 172, 190 (Fla. 1st DCA 2002) (Turney I) ("[Mrs. Turney's] causes of action did not accrue until she became aware of facts that would have put a reasonable person on notice."). Appellee maintains that the rule of accrual that applies to postpone or toll the running of the statute of limitations should also apply in this case where statutory attorney's fees are at stake. The Florida Supreme Court has, however, indicated otherwise.
Our decision should be guided by Florida Patient's Compensation Fund v. Scherer, 558 So.2d 411 (Fla.1990). In Scherer, the plaintiff suffered, in 1979, an injury due to medical malpractice. The plaintiff discovered her injury sometime after September 30, 1980, and filed suit September 20, 1982. As the majority notes, Scherer was successful at trial, and the trial court awarded attorney's fees pursuant to section 768.56, Florida Statutes (1981), a statute that had become effective July 1, 1980. The supreme court reversed, finding that "a cause of action for medical malpractice accrues for purposes of applying section 768.56 when the malpractice incident causing the injury and giving rise to the liability occurs," not upon discovery of the injury. Id. at 414. Accordingly, the accrual of a cause of action may differ, depending on whether one is seeking to apply the statute of limitations, or a recently enacted attorney's fee statute.
The right to recover attorney's fees, as well as the burden to pay such fees, is substantive in nature. See L. Ross, Inc. v. R.W. Roberts Constr. Co., 481 So.2d 484 (Fla.1986); see also Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla.1985) ("[A] statutory requirement for the non-prevailing party to pay attorney fees constitutes `a new obligation or duty,' and is therefore substantive in nature."). "Substantive rights cannot be adversely affected by the enactment of legislation once those rights have vested." Williams Coll. v. Bourne, 670 So.2d 1118, 1120 (Fla. 5th DCA 1996). The Florida Supreme Court in Scherer made clear that due process considerations preclude retroactive application of a law creating a new substantive right to attorney's fees. See Scherer, 558 So.2d at 414. For the reasons expressed by the court in *780 Scherer, the delayed discovery doctrine does not apply to application of a newly enacted attorney's fee statute. The basis for such a rule is due process. A defendant's liability cannot be increased after the defendant has committed the tortious acts for which the defendant is ultimately found responsible.
Nothing in the trial court's order awarding attorney's fees suggests that tortious acts occurred after the effective date of the attorney's fee statute. Also, nothing in this court's earlier opinion will support an argument that tortious acts causing additional damages occurred after the effective date of the statute. As the majority acknowledges, the trial court's determination that entitlement to fees vested upon plaintiff becoming the prevailing party is an incorrect statement of the law. See Scherer, 558 So.2d at 414. Under the due process considerations enunciated by Scherer, First Union cannot be held responsible for attorney's fees based upon a statutory enactment that became effective after its tortious acts.
The majority would apply the "tipsy coachman" rule as support for affirming the award of attorney's fees. Op. at 777-78. The majority contends that our Turney I decision establishes, "First Union continued its concealment of relevant material facts at least through 1993, as it unsuccessfully sought to obtain the general release from Mrs. Turney." Op. at 778. The problem with this predicate, a predicate completely necessary for the majority's conclusion, is that our discussion in Turney I relates to an evidentiary dispute concerning admissibility of certain documents in evidence over First Union's objection that these documents fell within the attorney-client privilege. See Turney I, 824 So.2d at 174. The context of the facts relevant to the determination of that evidentiary dispute in Turney I is simply different in kind from the present attorney's fee dispute. Respectfully, I do not believe that the majority has satisfied the threshold requirement for the "tipsy coachman" doctrine  "the record before the trial court must support the alternative theory or principle of law." State Farm Fire & Casualty Co. v. Levine, 837 So.2d 363 (Fla.2002).
Beyond the case law cited in this dissenting opinion, I must point out that both this court and the Florida Supreme Court have denied motions for attorney's fees filed by Turney in this matter and relying upon the identical theory now adopted by the majority. See First Union National Bank v. Turney, Case No. SC02-197, 828 So.2d 385 (Fla. Sept.30, 2002) (unpublished order denying Turney's motion for attorney's fees after Turney succeeded in convincing the supreme court to decline to accept jurisdiction); First Union National Bank v. Turney, Case No. 1D00-2803 (Fla. 1st DCA Jan. 17, 2002) (unpublished order denying appellate attorney's fees and citing Scherer). I find it particularly significant that in the supreme court matter, Turney filed a motion for appellate attorney's fees relying upon section 737.627 and specifically alleging "the bad acts ... found by the jury were committed, in part, after said statute was enacted." See Turney, Case No. SC02-197, 828 So.2d 385 (Appellee Turney's Motion for Attorney's Fees filed February 26, 2002). Now that the supreme court has rejected Turney's argument, I am at a loss to understand how the majority feels it is empowered to accept this argument. I would reverse the order awarding appellee attorney's fees.
NOTES
[1] Indeed, this court has already held that the delayed discovery doctrine applies in this case. See Turney I, 824 So.2d at 188, n. 13 ("[Mrs. Turney's] causes of action did not accrue until she became aware of facts that would have put a reasonable person on notice.").