HENDRY, Chief Judge.
This is an appeal by Groner, the cross-defendant, of a final judgment in favor of Underwriters, the cross-plaintiff.
Before reaching the merits of this appeal we deem it necessary to give a brief account of the somewhat involved background of this litigation. The parties to this law suit are as follows:
(1) Groner, owner of the premises, appellant in this appeal, cross-defendant in cross-claim and co-defendant in main action below, plaintiff in former litigation in federal court;
(2) Underwriters, insuror of the premises, appellee in this appeal, cross-plaintiff in cross-claim and co-defendant in main action below, defendant in former litigation in federal court;
(3) Sisung, mortgagee of the premises, nominal appellee in this appeal, plaintiff below in the main action, not *124 a party to the former federal court litigation.
In 1960, Groner became the owner of a home in the Keys on which the Sisungs held the first mortgage. The premises were insured against damage by Underwriters, and the policy contained a standard mortgage clause. The premises were destroyed as a result of a hurricane, and, in 1961, Groner brought suit against Underwriters in the federal courts for the destruction of the said premises. Upon trial, final judgment was entered in favor of Groner which judgment was affirmed by the Fifth Circuit Court of Appeals,[1] and satisfied. Two years later the Sisungs instituted this action in the Circuit Court of Dade County against Underwriters and Groner. Their complaint against Underwriters seeks to recover according to their interest, under the mortgagee clause of the policy, for the same damage to the premises. Underwriters then cross-claimed against Groner seeking judgment against him if Underwriters was held liable to the Sisungs.
The Sisungs were granted summary final judgment against Underwriters. However, that judgment was reversed for further proceedings by this court,[2] the basis of the reversal being the existence of a genuine issue of material fact as to an affirmative defense asserted by Underwriters. Prior to our reversal in that case, the trial court, after final hearing, found in favor of Underwriters on its cross-claim against Groner.
From a reading of the record it becomes obvious that the trial court found as it did on the cross-claim because of its prior summary judgment in favor of the Sisungs against Underwriters in the main action.
As we have previously observed, Underwriters’ cross-claim seeks judgment against Groner in the event that the Sisungs recover against Underwriters. Since the summary final judgment in favor of the Sisungs against Underwriters has been reversed, it follows then that liability on the cross-claim has been prematurely resolved.
Accordingly, the judgment appealed is reversed without prejudice to the parties' rights to pursue such remedies, if any, as may hereafter accrue.
Reversed.

. Underwriters Insurance Company v. Groner, 314 F.2d 338 (5th Cir. 1963).

. Underwriters Insurance Company v. Sisung, Fla.App.1965, 174 So.2d 461.