259 So.2d 725 (1972)
Gordon T. WILLIAMS, Appellant,
v.
Russell A. BANNING and Allstate Insurance Company, Appellees.
No. 71-120.
District Court of Appeal of Florida, Second District.
March 10, 1972.
Rehearing Denied April 20, 1972.
*726 Hardee, Ott & Hamilton, P.A., Tampa, for appellant.
Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee Allstate Ins. Co.
LILES, Acting Chief Judge.
Appellant, Gordon T. Williams, was a defendant along with Allstate Insurance Company in the trial court. Russell A. Banning brought suit against Williams and Allstate and the jury returned a verdict against Williams and Allstate in the amount of $30,000.
Subsequently, Allstate filed its motion to limit judgment to $10,000. The trial court granted the motion limiting Allstate's liability to $10,000, and in its order held that this should not be res judicata in any proceedings brought by the plaintiff or defendant Williams, charging Allstate with bad faith in its settlement negotiations which took place prior to trial.
The question posed for this court is: What constitutes proper procedure by the trial court after verdict where the verdict exceeds the limits of liability of the policy of insurance issued by the liability insurance carrier. This is one of the questions which is an adjunct growing out of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, and that line of cases where insurance companies are not severed for trial.
In this instance the motion to limit judgment was filed after the verdict was rendered and upon one day's notice to Gordon T. Williams' attorney. In passing, Williams was represented by the same attorney who represented Allstate Insurance Company during the trial and their interests were the same until the rendition of the verdict at which time Allstate filed its motion to limit liability. No adversary hearing was held on this motion nor was the policy itself ever introduced into evidence. However, on depositions and in defendant's answer there was an allegation that Allstate was liable, if liable at all, only under the terms of the policy.
This question has not been directly answered in Florida which is understandable since Shingleton is of rather recent origin.
In the instant case the insurance policy was not introduced into evidence during the trial, nor was any mention made that Allstate would rely on the limitation of its policy; however, a specimen policy was introduced at the hearing on limitation.
It is indicated to us that something more than a mere allegation in a motion to limit liability is necessary for the insured to have his day in court. We believe that the proper procedure to follow in a post-trial action to limit judgment in the same action where the judgment was rendered, under such circumstances as exist here, is to file a pleading in the nature of a cross-claim as provided in Rule 1.170(g) FRCP, 30 F.S.A., with service thereof upon all parties as provided in the Rules of Civil Procedure and thereafter proceed treating such cross-claim as an initial pleading with the right to respond thereto in the parties against whom the claim is made.
Reversed and remanded for action consistent with this opinion.
HOBSON and McNULTY, JJ., concur.