ORDER ON SUGGESTION FOR WRIT OF PROHIBITION
PER CURIAM.
The relator, Unigard Insurance Company, was a joint defendant with James Sum-merall, its insured, in a wrongful death action. The case proceeded to trial and plaintiffs were awarded a $150,000.00 judgment, jointly and severally, against defendants, upon which final judgment was entered. Subsequent to entry of the final judgment defendant insurance company filed a cross-claim, pursuant to Williams v. Banning, Fla.App.1972, 259 So.2d 725, to limit its coverage to $25,000.00, which was the coverage provided under its insurance policy with codefendant insured. Both defendant Summerall, in a counterclaim, and plaintiffs, in an answer to the cross-claim, asserted that defendant insurance company was liable in excess of its policy limits due to bad faith failure to settle and negligent defense. Subsequent to these pleadings, defendant insurance company (relator here) filed its notice of appeal of the final judgment, on behalf of both defendants. After notice of appeal was filed, the lower court set supersedeas, and relator posted the required bond. Relator then filed, in the lower court, a motion under Rule 1.-140(b), 30 F.S.A., to prevent the trial judge from proceeding with the aforesaid post-trial motions. This motion was denied and relator brought this Suggestion for Writ of Prohibition.
Relator contends here, as it did below, that once the notice of appeal was filed from the final judgment and supersedeas posted, the lower court lost jurisdiction to proceed with the post-trial motions relating to “excess coverage.”
It appears to this court that it would be expedient that all matters involved in this case, including “excess coverage,” be determined in one appeal. Rather than determining whether or not the lower court in fact has jurisdiction to proceed on the post-trial motions while this appeal is pending (which would involve issuing the rule nisi and a consequent delay) we determine it propitious to temporarily relinquish jurisdiction in the appeal from the final judgment styled James Lester Summerall and Unigard Insurance Company v. Richard J. King, et al. Case No. 72-807, in order that the trial judge may proceed forthwith to decide the matters raised in the cross-claim and subsequent pleadings, but only insofar as they deal with the aforesaid “excess coverage” issues. After such determination the clerk of the lower court shall, with reasonable dispatch, certify to this court a copy of any order entered thereon.
The Suggestion for Writ of Prohibition is, therefore, denied and jurisdiction is hereby temporarily relinquished for the above stated purpose.
LILES, A. C. J., and McNULTY and BOARDMAN, JJ., concur.