355 So.2d 822 (1978)
STATE ex rel. AMERICAN HOME INSURANCE COMPANY, Relator,
v.
Honorable Russell E. SEAY, Jr., Judge of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent.
No. 77-1755.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Rehearing Denied March 23, 1978.
*823 R. Benjamin Reid and Carol A. Fenello of Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, P.A., Miami, for relator.
Ronald FitzGerald of Fleming, O'Bryan & Fleming, Fort Lauderdale, for respondent, Thomas Garchar.
Jackson L. Peters of Knight, Peters, Pickle, Niemoeller & Flynn, Miami, and Richard H.W. Maloy of Richard H.W. Maloy & Associates, Coral Gables, for respondent, Seay, and the City of Tamarac.
DOWNEY, Judge.
Thomas Garchar recovered a judgment for $3,500,000.00 against the City of Tamarac arising out of a suit for personal injuries. The City was insured by American Home Insurance Company, a named defendant in the trial court.
It appears that American Home moved the trial court to enter judgment against it in an amount not exceeding the policy limits.[1] Thereafter, the City of Tamarac filed a notice of appeal to review the final judgment entered against it. Several months later the City of Tamarac sought leave in the trial court to file a cross claim[2] against its insurer American Home alleging breach of contract and bad faith in failing to settle Garchar's claim against the City. After the trial court granted leave to file such a cross claim and denied a motion to dismiss the cross claim American Home sought a Writ of Prohibition in this court. We issued a rule nisi and when no response was received we issued the writ, prohibiting the trial court from proceeding with the cross claim pending our disposition of the appeal from the final judgment against the City.
The City of Tamarac filed a petition for rehearing asking this court to reconsider issuance of the Writ of Prohibition because the City never received a copy of the rule nisi or the writ and thus never responded to the Relator's Suggestion. The trial judge, as respondent in the Petition for Writ of Prohibition, has also petitioned for rehearing on the ground that he was under the impression that the City was going to handle the response to the Suggestion in Prohibition.
We granted the petition for rehearing and requested all parties in the trial court to respond to the petitioner's suggestion for Writ of Prohibition. We have now received their very helpful advice and conclude that the Writ of Prohibition should remain in effect.
The main thrust of the arguments presented has to do with the jurisdiction of the trial court. The original plaintiff, Garchar, and the City contend that the trial court has jurisdiction to proceed with the cross claim because the issues therein involved are not at all the same as the issues involved in the plenary appeal from the final judgment. They point to the fact that resolution of the cross claim could in no way affect this court's jurisdiction and resolution of the appeal from the final judgment. In the alternative Garchar and the City suggest that if we find a jurisdictional problem then we should follow the procedure provided in State ex rel. Unigard Insurance Company v. Durrance, 276 So.2d 112 (Fla. 2d DCA 1973), and Williams v. Banning, 259 So.2d 725 (Fla. 2d DCA 1972), and relinquish jurisdiction to the trial court, await its determination of the cross claim, and then consider any appeal from that determination together with the appeal from the final judgment.
On the other hand American Home contends the trial court does not have jurisdiction *824 in view of the pending appeal from the final judgment. In addition American Home also argues that we should not adopt the procedure outlined in Banning, supra and Durrance, supra, because they are distinguishable from the factual situation presented in the case at bar.
We believe the Writ of Prohibition should be confirmed because the trial court lacks jurisdiction to proceed in this cause once there is an appeal from the final judgment. Most of the authorities concerned with the jurisdiction of a trial court after an appeal is perfected involve interlocutory appeals. There is of course good reason why a case should not be stymied in the trial court, absent supersedeas, upon an interlocutory appeal from a narrow interlocutory order. However, when a case has merged into a final judgment and an appeal has been perfected therefrom the cases seem to hold that jurisdiction in the trial court terminates, State ex rel. Faircloth v. District Court of Appeal, Third District, 187 So.2d 890 (Fla. 1966), and State v. Florida State Turnpike Authority, 134 So.2d 12 (Fla. 1961), except as to enforcement of the judgment, Town of Palm Beach v. State ex rel. Steinhardt, 321 So.2d 567 (Fla. 4th DCA 1975), and that too terminates if the judgment is superseded.
As the court said in General Capital Corporation v. Tel Service Co., Inc., 212 So.2d 369, 382 (Fla. 2d DCA 1968), modified 227 So.2d 667 (Fla. 1969):
"The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied. When a notice of appeal has been timely filed jurisdiction of the cause then vests absolutely in the appellate Court until such appeal has been finally disposed of by affirmance, reversal, or dismissal; subject only, of course, to a mere temporary relinquishment of jurisdiction for some specified, exceptional purpose, such as here." [Cases omitted.]
Having concluded that the trial court is without jurisdiction, to proceed with the cross claim while the appeal from the final judgment is pending, we also decline to follow the procedure suggested by the Second District Court of Appeal in Durrance, supra, for several reasons. Initially, we express grave doubt as to the propriety of a cross claim by an insured against an insurer for bad faith while the excess judgment is being reviewed on appeal. In the case at bar the judgment which is the basis of the injury claimed by the City in its cross claim is still undergoing appellate review and so any effort toward resolution of the cross claim could well become an exercise in futility, a luxury which our judicial system with its current docket conditions cannot tolerate in this day and time.[3] Until such time as the Garchar judgment becomes final, vis-a-vis appellate review, the City has not been injured because its cause of action has not ripened and the City should not be allowed to litigate its bad faith claim. Should the judgment be reversed and a new trial granted, resulting in judgment within the policy limits, the City would have no cause of action for bad faith. A number of cases have held that the statute of limitations does not begin to run on a bad faith claim of the sort contained in the cross claim under consideration until the judgment against the insured has been affirmed by the final appellate court of the jurisdiction involved[4] (assuming of course there has been an appeal perfected). The City would distinguish those cases on the basis that they involve the statute of limitations *825 and when it commences running. But that is precisely the point. The statute of limitations doesn't start to run until the cause of action accrues to the party. We think those cases are very much in point.
The second reason for not relinquishing jurisdiction is that during the course of the prosecution of the cross claim either via discovery or during the trial thereof the parties will parade through American Home's files and divulge all of the views, opinions and advice of American Home's officers, agents and counsel regarding Garchar's claim. The matters and things which are learned from this discovery could have a prejudicial effect upon American Home in the subsequent trial of this case or in negotiations toward settlement of the case in the event the Garchar's judgment which is pending on appeal is reversed for a new trial.
Accordingly, the Writ of Prohibition heretofore issued herein is confirmed in all respects.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] That motion has not been ruled on by the trial court and no final judgment has yet been entered against American Home Insurance Company.
[2] Since the matter has not been presented for our determination we do not determine here that a cross claim is authorized in the present posture of this case.
[3] In Groner v. Underwriters Insurance Company, 179 So.2d 123 (Fla. 3rd DCA 1965) a cross claim was decided after a summary final judgment was appealed. In reversing the summary judgment the appellate Court pointed out that the liability on the cross claim has been prematurely resolved.
[4] American Mut. Liability Ins. Co. of Boston, Mass. v. Cooper, 61 F.2d 446 (5th Cir.1932), reh. denied 12-16-32; Hartford Accident & Indemnity Co. v. Cosby, 173 So.2d 585 (Ala. 1965); Linkenhoger v. American Fidelity & Casualty Co., Inc., 152 Tex. 534, 260 S.W.2d 884 (1933).