BARKDULL, Judge.
Kenilworth Insurance Company, defendant in the trial court, takes this appeal from an order denying its post-trial motion to limit judgment to the amount of the policy coverage.
Tania Pizarro sued Jose Genova and his insurer (Kenilworth) for damages resulting from an automobile accident. Kenilworth claimed, during the discovery period, the policy limits ($20,000/$10,000/$5,000) were repeatedly made a matter of record and acknowledged by Pizarro. Kenilworth does admit that it received a letter from Pizarro’s counsel, wherein the attorney expressed the opinion that Section 324.021(7), Florida Statutes (1973) was applicable, thus making the policy limits $15,000/$30,000. Kenil-worth claimed that the statute was not applicable; that the issue .was never raised again. On the other hand, Pizarro points out that she made a demand of $45,000.00 against Kenilworth and Dade County (co-defendant in the trial court); that this demand resulted in nothing other than an offer of a judgment of $3,000.00. Pizarro acknowledges the fact that Kenilworth, by answers to interrogatories, claimed limits of $10,000/$20,000 but shows the court that after receipt of this information Pizarro claimed the applicability of Section 627.-733(3)(a), Florida Statutes (1973), and demanded $15,000.00 in settlement from Ken-ilworth. Pizarro also notes that the accident in question occurred in January of *996 1975, well before the statutory limits were reduced to flO.OOO.OO.[1]
The case went to trial and Pizarro received a verdict and judgment of $25,000.00 against Kenilworth and its insured. Kenil-worth filed a motion for new trial, which did not mention the problem of policy limits. Final judgment was entered on January 5, 1978; eight days later Kenilworth filed a motion to limit judgment, which was denied on June 26th and Kenilworth filed a notice of appeal from same on July 13th. The appellee notes that the notice of appeal does not refer to the final judgment, just the order on the motion.
The motion to amend was timely filed. See: Florida Rule of Civil Procedure 1.530(g). Therefore, being a timely filed motion, the final judgment was not rendered under Florida Appellate Rules until it was disposed of. See: Florida Appellate Rule 9.020(g).
Counsel for the appellee says that this case is controlled by the opinion in Williams v. Banning, 259 So.2d 725 (Fla.2d DCA 1972). We agree. Not only does the instant case present a question of coverage, there is also an allegation of bad faith negotiations on the part of the appellant in attempting to settle the appellee’s claim. Inasmuch as appellee is entitled to bring an action directly against the tortfeasor’s liability insurer for recovery in excess of the policy limits, based on a claim of bad faith [Thompson v. Commercial Union Insurance Company of New York, 250 So.2d 259 (Fla. 1971); Boston Old Colony Insurance Company v. Gutierrez, 360 So.2d 464 (Fla.3d DCA 1978)], something more than a mere allegation in a motion to limit judgment is necessary to afford either the appellant’s insured or the appellee their day in court.
The order under review is therefore affirmed, without prejudice to the parties proceeding in the trial court in the manner set forth in Williams v. Banning, supra.
Affirmed.

. It was a $10,000.00 policy, but there was some dispute that the actual amount should have been $15,000.00 because of the provisions of § 324.021(7), Florida Statutes (1973), which was in effect between the dates of 1973 and October 1, 1976, the accident in question having occurred on January 5, 1975 which falls within the effective date of this statute.