SCHEB, Judge.
The State charged petitioner James Richard White with six violations of delivery of *40 a controlled substance. On March 16, 1982, the trial judge entered an order granting a motion to dismiss the charges. The State failed to appeal this order within the fifteen-day period as provided by Florida Rule of Appellate Procedure 9.140(c)(2), but filed a motion for rehearing some twenty-eight days after the order was filed.
In its motion for rehearing, the State alleged that “[e]ven though the order was signed in open court, the undersigned assistant state attorney was not aware the order had been signed until after the fifteen (15) days in which to file an appeal on the motion to dismiss had expired.”[1] The transcript of the hearing, however, reveals that the judge announced the signing of the order in open court. The trial judge granted the motion for rehearing and set aside the order of dismissal. The court then reentered the same order of dismissal, thereby giving the State another fifteen days to appeal. Petitioner contends the trial court lacked jurisdiction to reconsider its original order of dismissal and seeks a writ of common law certiorari.
We agree with petitioner. The motion for rehearing, even if authorized, was not timely filed and the court was without jurisdiction to vacate its dismissal order. Accordingly, we grant certiorari and remand the cause to the trial court to reinstate its original order of dismissal.
GRIMES, A. C. J., and SCHOONOVER, J., concur.

. We are not here faced with an allegation that the state attorney’s office was not served with a copy of the dismissal order until after the time for appeal had expired. Thus, we do not express an opinion as to whether the doctrine of Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971), is applicable to criminal cases.