668 So.2d 189 (1996)
Jenny POOLE, etc., Petitioner,
v.
VETERANS AUTO SALES AND LEASING COMPANY, INC., Respondent.
No. 85232.
Supreme Court of Florida.
February 15, 1996.
*190 Michael S. Herring, Sanford, for Petitioner.
David C. Beers, Maitland, for Respondent.
GRIMES, Chief Justice.
We have for review Veterans Auto Sales & Leasing Co. v. Poole, 649 So.2d 264 (Fla. 5th DCA 1994), wherein the district court of appeal certified the following question to be of great public importance:
If section 768.74 permits a trial judge to order a new trial unless the affected party agrees to accept a remittitur or additur when a reasonable person could agree that the record supports the jury decision (assuming no trial error or jury misconduct), does this section violate article I, section 22, Constitution of the State of Florida?
Id. at 267, 269. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, but we decline to answer the question as worded.
Rebecca Ann Pritchard was killed in a motorcycle accident involving an automobile titled in the name of Veterans Auto Sales and Leasing, Inc. (Veterans). Jenny Poole, personal representative of Pritchard's estate, brought a wrongful death action against Veterans on behalf of the decedent's three minor children: John Thayer, Sara Pritchard, and Andrew Pritchard, ages 14, 10 and 9 at the time of the trial. The decedent's children resided out of state with their respective fathers and had not resided with their mother for any significant period of time.
The jury's total award was $98,042.76, favoring Veterans' argument that an award of $100,000 would be appropriate, rather than the personal representative's suggestion of $1.1 million. The award included $15,067.76 to the estate for medical and funeral expenses. The jury awarded $2,000 to Sara and $2,200 to Andrew for past and future loss of support and services and $30,000 each for past and future loss of parental companionship, instruction, and guidance and for pain and suffering. The jury awarded John $20,000 for past and future loss of parental companionship, instruction, and guidance and for pain and suffering.
Poole moved for additur and, alternatively, for a new trial. Poole specifically requested the trial court to add $10,599.52 to the award for medical and funeral expenses, asserting that the jury had improperly deducted this amount based on a credit in that amount that had been applied to decedent's hospital bill because the decedent's organs were removed for the use of others. Poole also requested that the trial court increase the award for loss of past and future support for Sara Pritchard by approximately $16,500 and for Andrew by approximately $20,000 and that the award for past and future loss of parental companionship, instruction and guidance and for pain and suffering be increased for Andrew by $100,000, for Sara by $125,000, and for John by $72,000.
The trial court granted Poole's motion, awarded the requested increase of $10,599.52 for decedent's medical expenses, and increased Sara's and Andrew's awards for future support by $200 each because the jury improperly calculated the number of years remaining until Sara and Andrew turned eighteen. The trial court also increased Sara's and Andrew's awards for pain and suffering by $60,000 each and increased John's award for pain and suffering by $40,000. The order granted Veterans the option of a new trial on the issue of damages if it disagreed with the additur. Veterans refused the additur, and the trial court issued an order granting a new trial. Veterans appealed the order for new trial to the Fifth District Court of Appeal.
The district court of appeal held that the trial court correctly granted additur for the $10,599 in medical expenses and for the requested increase in future support for Andrew and Sara Pritchard but reversed the additur for pain and suffering. The district *191 court analyzed the pain and suffering award in light of the factors set forth in section 768.74, Florida Statutes (1993), which provides for remittitur or additur in cases where a verdict is rendered awarding money damages to a plaintiff. Based on the limited contact the children had with the decedent, the jury's ability to observe the children's demeanor at trial, and the arguments of counsel regarding the value to be placed on the children's pain and suffering, the court found that the jury did not ignore the evidence in reaching its verdict, did not misconceive the merits of the case related to damages, and was not affected by corruption or passion. Although noting that the jury's award for pain and suffering was unquestionably a low one, the court held that the award was supported by the evidence and could be adduced in a logical manner by reasonable persons, and therefore concluded that it was an abuse of discretion for the trial court to alter the award. The majority certified the question set forth above, posed in Chief Judge Harris's specially concurring opinion.
The concurring opinion pointed out that the standard of review for an additur or remittitur based on section 768.45 focuses on the reasonableness of the jury's actions in light of the record. In contrast, the standard of review for an order of new trial focuses on the reasonableness of the trial court's discretion. The concurring opinion asserted that shifting the focus of the standard of review from the jury's verdict to the trial court's discretion reduces the jury verdict to an advisory opinion and is inconsistent with the spirit, if not the letter, of article I, section 22.
At the outset, it appears that the district court of appeal overlooked the significance of the fact that Veterans refused the additur. Therefore, the only issue properly before the court below was the propriety of the order granting a new trial. We know of no authority which would allow an appellate court to even address the propriety of an additur, much less approve one part of it but disapprove another, when the additur has been refused.
With respect to the order granting a new trial, it is important to remember that the trial judge is required to give specific grounds for such an order. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). If the order does not state specific grounds, the appellate court shall relinquish its jurisdiction to the trial court to specify the grounds. Fla.R.Civ.P. 1.530(f). In the order at issue in this case, the trial judge gave no grounds for granting the new trial. Therefore, it will be necessary for the court below to relinquish jurisdiction to the trial judge for that purpose before passing upon the validity of the order.
We have chosen not to answer the certified question because it appears to address an abstract scenario which may not relate to the instant case. However, we do not lightly dismiss the concerns which prompted the question. Section 768.74, Florida Statutes (1993), provides that the trial judge shall grant a remittitur or additur when the jury award is excessive or inadequate. The statute lists several criteria for the trial judge to consider when determining whether the verdict is excessive or inadequate. However, we do not believe that the statute alters the longstanding principles applicable to the granting of new trials on damages. In deciding whether or not to grant a new trial, the trial judge should not sit as a "seventh juror," thereby substituting his or her resolution of the factual issues for that of the jury. Laskey v. Smith, 239 So.2d 13 (Fla.1970). However, an appellate court should not reverse an order granting a new trial unless there was an abuse of discretion. Smith v. Brown, 525 So.2d 868 (Fla.1988). While these principles may seem difficult to harmonize, see Montgomery Ward & Co. v. Pope, 532 So.2d 722, 722-24 (Fla. 3d DCA 1988) (Schwartz, C.J., dissenting), they do address separate standards of review made by different actors within the judicial system.
Accordingly, we quash the decision below and remand for consideration of the validity of the order granting new trial.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.