810 So.2d 988 (2002)
FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT, Appellant,
v.
James David SEALEY, Appellee.
No. 1D01-3651.
District Court of Appeal of Florida, First District.
February 19, 2002.
Rehearing Denied March 26, 2002.
*989 George N. Meros, Jr., of Gray, Harris & Robinson, P.A., Tallahassee, for Appellant.
John Beranek of Ausley & McMullen Tallahassee; Gregg Johnson, Jacksonville; and David Wm. Boone of the Law Offices of David Wm. Boone, Atlanta, for Appellee.
PADOVANO, J.
We dismiss the appeal for lack of jurisdiction. The notice of appeal was not filed within thirty days of the date of rendition of the final judgment. Although the notice would have been timely if measured from the date of a subsequent order denying the defendant's post trial motions, these motions were all ineffective to suspend the running of the time for an appeal.
The plaintiff asserted an uninsured motorist claim against the defendant and ultimately prevailed at trial. The jury returned a verdict for damages in favor of the plaintiff on February 9, 2001. Approximately three months later on May 10, 2001, the trial court entered a final judgment based on the verdict. The court apportioned the plaintiff's comparative fault and made the appropriate adjustments for prejudgment interest and collateral source benefits, and then entered a judgment of $1,878, 687.35 in favor of the plaintiff. The defendant had not filed any motions challenging the verdict before the entry of the judgment.
On May 21, 2001, the defendant served a motion for remittitur, a motion for new trial, and a motion for judgment notwithstanding the verdict. In the motion for remittitur the defendant made four main arguments: (1) the plaintiff failed to present evidence of causation, (2) the verdict was influenced by passion, prejudice, and sympathy, (3) the plaintiff failed to present evidence of lost wages, and (4) the plaintiff failed to present evidence of his future medical expenses. These arguments are directed exclusively to the jury's verdict. The opening line of the motion states that the defendant is moving "for a remittitur of the verdict."
*990 The motion for a new trial presents the same four arguments raised in the motion for remittitur, but it also contains an argument that the verdict is contrary to the manifest weight of the evidence, and an argument that the trial court erred in denying the defendant's motion for directed verdict. Although the motion for judgment notwithstanding the verdict was submitted as a separate pleading, it is identical to the motion for a new trial.
On August 3, 2001, the trial judge entered an order denying all three of the defendant's post-trial motions. The defendant filed a notice of appeal on August 31, 2001, to seek review in this court. Because it was not clear from the notice of appeal whether the post-trial motions were timely, and therefore capable of suspending rendition of the final judgment, we issued an order directing the defendant to show cause why the appeal should not be dismissed as untimely. The defendant responded with an argument that the court has jurisdiction. The plaintiff moved to dismiss the appeal and the defendant submitted a response in opposition to the motion to dismiss.
We are governed by the fundamental principle that the time for initiating an appeal is jurisdictional. If the notice of appeal is not filed within the time set by the applicable rule, the appellate court must dismiss the appeal. See State ex rel. Cantera v. District Court of Appeal, Third District, 555 So.2d 360, 362 (Fla.1990); Int'l Studio Apt. Ass'n v. Sun Holiday Resorts, Inc., 375 So.2d 335, 336 (Fla. 4th DCA 1979). The method of initiating an appeal from a final order in a civil case is outlined in rule 9.110(b) of the Florida Rules of Appellate Procedure. This rule states that the notice of appeal must be filed "within 30 days of the date of rendition of the order to be reviewed."
Rule 9.020(h) provides that "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." See Casto v. Casto, 404 So.2d 1046, 1047 (Fla.1981); State v. Moore, 563 So.2d 115 (Fla. 2d DCA 1990). Here, the judgment was reduced to writing, signed, and filed on May 10, 2001. The time for an appeal began to run from that date.
The date of rendition, and thus the beginning of the jurisdictional time limit for filing an appeal, may be delayed by the filing of certain motions in the lower court after entry of the final judgment. Rule 9.020(h) identifies these motions and sets forth the requirements for suspending the date of rendition.[1] A motion is generally not effective to suspend rendition of the time for an appeal unless it is one of the motions identified in the rule. See Klemba v. State, 490 So.2d 1050 (Fla. 4th DCA 1986); Joseph v. State, 437 So.2d 245, 246 (Fla. 5th DCA 1983); Culpepper v. Britt, 434 So.2d 31, 32 (Fla. 2d DCA 1983). If a party files a motion that is authorized in the proceeding, but not listed in rule 9.020(h), the time for filing an appeal will run uninterrupted from the date the final order was reduced to writing, signed, and filed with the clerk.
Filing one of the motions listed in rule 9.020(h) will suspend rendition of the final order only if the motion is timely under the rules applicable to the proceeding *991 in the lower court. See Salam v. Benmelech, 622 So.2d 592, 593 (Fla. 3d DCA 1993) (untimely motion to alter or amend); Bailey v. Mobile Home Park Realty, Inc., 579 So.2d 198, 199, 200 (Fla. 2d DCA 1991) (untimely motion in arrest of judgment); Americare Biologicals, Inc. v. Technical Chemicals & Products, Inc., 766 So.2d 284 (Fla. 4th DCA 2000) (untimely motion for rehearing); see also Howard v. Farm Bureau Ins. Co., 467 So.2d 442 (Fla. 5th DCA 1985); White v. State, 416 So.2d 39 (Fla. 2d DCA 1982). Hence, a motion that is untimely does not toll the time for an appeal, even if the motion is one of those identified in rule 9.020(h) as a motion that is otherwise capable of suspending rendition.
To determine the timeliness of the defendant's post-trial motions, we must refer to the rules governing each of those motions. Rule 1.530(b) of the Florida Rules of Civil Procedure states in pertinent part that a motion for a new trial must be served "not later than 10 days after the return of the verdict in a jury action." The same time limit applies to the service of a motion for judgment notwithstanding the verdict, which is now more often referred to as a motion for judgment in accordance with a prior motion for directed verdict.[2] Rule 1.480(b) states that "[w]ithin 10 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict."
It follows that both the motion for new trial and the motion for judgment notwithstanding the verdict were ineffective to suspend rendition of the final judgment. The time for service of each motion began on February 9, 2001, the day the jury returned its verdict. Both motions had to be served within ten days after the return of the verdict, but neither was served until May 21, 2001, more than three months later.
This leaves only the defendant's motion for remittitur, but it did not delay the running of the appeal time either. A motion for remittitur is essentially a conditional motion for a new trial. See Poole v. Veterans Auto Sales & Leasing Co., 668 So.2d 189 (Fla.1996). As we have explained, a motion for new trial must be served within ten days after the return of the verdict. The motion for remittitur, like the other two post-trial motions, was served more than three months after the verdict. Hence, it was untimely and therefore ineffective to suspend rendition.
The defendant contends that the motion for remittitur should be treated as a motion to alter or amend the judgment, one of the motions that can operate to *992 suspend rendition under rule 9.020(h). If we were to reclassify the motion in this way it would be timely and thus it would delay rendition of the final judgment until August 3, 2001, when the motion was denied. Rule 1.530(g) provides that a motion to alter or amend the judgment "shall be served not later than 10 days after entry of the judgment" and the motion in this case was served within that time. However, we cannot treat the motion for remittitur as if it were a motion to alter or amend the judgment.
We agree that the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it. See Magnum Towing, Inc. v. Sunbeam Television Corp., 781 So.2d 379, 380 (Fla. 3d DCA 1998) (treating a motion styled as a "motion for reconsideration" as a motion for rehearing); Olson v. Olson, 704 So.2d 208, 210 (Fla. 5th DCA 1998) (construing a motion to set aside a final judgment as a motion for rehearing). When we consider the content of the motion for remittitur, though, we conclude that it was, in fact, a conditional motion for a new trial, not a motion to alter or amend the judgment. We can look beyond the label the defendant used, but we cannot make the motion into something it was not.
A motion to alter or amend is most often used to correct a substantive error in the judgment itself. For instance, it would be proper to file a motion to alter or amend if the judgment did not accurately reflect the decision of the court. See Fisher v. Fisher, 787 So.2d 926, 929 (Fla. 2d DCA 2001) (the judgment did not conform to the provision of the marital settlement agreement); Sanchez v. Sanchez, 435 So.2d 347, 349 (Fla. 3d DCA 1983) (the court ordered alimony in the amount of $100 per month, but the judgment erroneously required payments of $100 per week). The function of the motion in this class of cases is to inform the court that an issue was not adjudicated in the judgment in the same way that it was decided.
It would also be proper to file a motion to alter or amend to correct an error in the adjudication of a post-verdict issue. If the trial judge has erred in reducing the jury award to account for collateral source benefits, for example, the error could be addressed in a motion to alter or amend. See Nova Univ. v. Katz, 636 So.2d 729 (Fla. 4th DCA 1993). In this situation, the motion seeks to correct an error reflected only in the judgment and not in the underlying jury verdict. The aggrieved party could not present the issue in a motion for a new trial, because the error is not one that would have been committed at that time.
Finally, a motion to alter or amend may be used to correct a judgment to the extent that it was based on an error of law. See Aagaard-Juergensen v. Lettelier, 579 So.2d 404, 405 (Fla. 5th DCA 1991); Barrios v. Draper, 423 So.2d 1002, 1003 (Fla. 3d DCA 1982). As an illustration of this point, if the trial court enters a judgment in excess of the legal limit of the defendant's liability, the defendant can correct the error by filing a motion to alter or amend the judgment. See Kenilworth Ins. Co. v. Pizarro, 369 So.2d 995, 996 (Fla. 3d DCA 1979); cf. Florida Patient's Comp. Fund v. Scherer, 558 So.2d 411, 415 (Fla. 1990).
The common feature of these cases is that the motion to alter or amend was used in each case to correct an error in the judgment itself, and not an error in the course of the proceeding leading up to the judgment. All prior errors in a civil case can be corrected on appeal from the final judgment; but the scope of a motion to alter or amend the judgment is much more limited. A motion to alter or amend must *993 address an issue relating directly and exclusively to the judgment.
The defendant argues that the motion for remittitur should be treated as a motion to alter or amend because it goes to "the heart of the judgment," but that is simply not the case. The defendant's motion raised four arguments, all of which were directed exclusively to the jury's verdict. Hence, the defendant's argument that the motion goes to the heart of the judgment is correct only in the general sense that the judgment was based on the disputed verdict.
If the defendant's position were correct, an untimely motion for a new trial could be revived simply by reclassifying it as a motion to alter or amend the judgment. The moving party would always have the same argument the defendant makes here; the motion attacks the correctness of the verdict and therefore it goes to the heart of the judgment rendered on the verdict. The danger of accepting this argument, however, is that it would effectively nullify the time limit for service of a motion that is truly directed to the verdict.
We consider it essential to maintain the distinction between post-trial motions that challenge the verdict and those that challenge the judgment. A motion for new trial or a motion for judgment in accordance with a prior motion for directed verdict must be served within ten days after the return of the verdict. See Fla. R.Civ.P. 1.530(b); 1.480(b). In contrast, a motion to alter or amend the judgment must be served within ten days of the judgment. See Fla.R.Civ.P. 1.530(g). If a motion for a new trial could simply be treated as if it were a motion to alter or amend, there would be little point in placing a time limit on service of a motion for a new trial.
In summary, we hold that the defendant's post-trial motions were ineffective to suspend rendition of the final judgment. Because the notice of appeal was untimely when measured from the date of the final judgment, this court lacks jurisdiction.
Appeal dismissed.
BROWNING and LEWIS, JJ., concur.
NOTES
[1] The motions listed in rule 9.020(h) are: (1) a motion for new trial, (2) a motion for rehearing, (3) a motion for clarification, (4) a motion for certification, (5) a motion to alter or amend, (6) a motion for judgment in accordance with a prior motion for directed verdict, (7) a motion for arrest of judgment, (8) a motion to challenge the verdict, (9) a rule 3.800(b)(1) motion to correct a sentence or probation order, (10) a rule 3.170(l) motion to withdraw a plea, and (11) a rule 12.492 motion to vacate an order based on recommendations of a family law hearing officer.
[2] Some Florida courts have held that a motion for a judgment notwithstanding the verdict is obsolete and should now be styled as a motion in accordance with a prior motion for directed verdict. See La Rosa Del Monte Express, Inc. v. G.S.W. Enters. Corp., 483 So.2d 472, 473 n. 1 (Fla. 3d DCA 1986); Meus v. Eagle Family Discount Stores, 499 So.2d 840, 842 n. 6 (Fla. 3d DCA 1986). However, other courts have continued to use the term "judgment notwithstanding the verdict" even after the adoption of rule 1.480(b). See Lindenfield v. Dorazio, 606 So.2d 1255 (Fla. 4th DCA 1992); Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761 (Fla. 1st DCA 1986). One commentator maintains that there is a distinction between a motion for a judgment in accordance with a prior motion for directed verdict and a motion for judgment notwithstanding the verdict. Henry P. Trawick, Jr., Florida Practice and Procedure, § 26-4 (2001). For the purpose of this appeal, we assume the defendant's motion would qualify as a motion for judgment in accordance with a prior motion for directed verdict and that it would have been capable of suspending rendition, had it been timely.