PER CURIAM.
Because it is apparent from the record that the trial court was of the opinion that appellant’s motion for remittitur had not been timely served, as required by Florida Rule of Civil Procedure 1.530(b), and because that finding is supported by competent substantial evidence, the trial court lacked jurisdiction to rule on that motion. See Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So.2d 988, 991 (Fla. 1st DCA) (noting that “[a] motion for remittitur is essentially a conditional motion for a new trial”), review denied, 828 So.2d 385 (Fla.2002); Fla. R. Civ. P. 1.090(b) (stating that a trial court “may not extend the time for making a motion for new trial”); Pruitt v. Brock, 437 So.2d 768, 772 (Fla. 1st DCA 1983) (stating that a trial court loses jurisdiction over a case upon expiration of the time for serving a motion for new trial or rehearing unless such a motion has been timely served). Accordingly, we affirm the trial court’s denial of that motion without addressing its merit.
AFFIRMED.
WEBSTER, PADOVANO and HAWKES, JJ., concur.