WELLS, Judge.
Impact Computers and Electronics Inc. appeals from a final summary judgment in favor of Bank of America N.A., claiming that judgment was entered on a count (Count IV) not addressed in the bank’s motion for summary judgment. Impact also claims that summary judgment was entered in favor of a co-defendant, West-gate Fabrics, Inc., on two counts which also were not the subject of the summary judgment motion. We affirm the judgment relating to the bank because the summary judgment motion raised and argued the merits of all counts against it. We also affirm because the summary judgment order does not adjudicate any of the counts against Westgate which remain pending.
This appeal arises from a commercial transaction in which Impact sold approximately $63,000 in computers to an individual in Africa, who, according to Impact, told Impact that he was associated with Westgate, which is located in Texas, and that he was going to pay for the computers that he was ordering with a check from “his” Westgate office. When Impact received Westgate’s check, it deposited the check in its Bank of America account and then held the computers until advised by the bank that the check had cleared and allegedly that nothing could affect the funds. Days later, the computers were shipped to Africa.
The bank then learned that the check had been altered both as to amount and identity of the payee. The bank notified Impact of the altered check and debited Impact’s account for the amount of the check as prescribed by Chapter 674 of the Florida Statutes. Since there were insufficient funds in Impact’s account to cover the full amount of the Westgate check (which had been credited to Impact’s account and drawn against), Impact was notified that it was indebted to the bank for approximately $22,000.
Impact subsequently brought suit ultimately asserting four distinct claims against the bank: Count I for alleged violation of section 674.2141 for improperly debiting Impact’s account after settlement of Westgate’s check became final; Count II for alleged breach of the bank’s “banking services” contract with Impact; Count III for alleged violation of section 674.207 for untimely notification of an altered item; and Count IV for estoppel.
In Count IV of the complaint, Impact, alleging detrimental reliance on the bank’s representations that the funds were secure in Impact’s account, sought to avoid the statutory warranties that it made when it deposited Westgate’s check into its account. Those warranties include representations that Impact was entitled to enforce the check, that the signatures on the check were authentic, and that the check had not been altered:
38. Due to [Impact’s] reliance on [the bank’s] assurances, [Impact] suffered damages in the amount of $63,229.11, plus cost, interest and attorney’s fees.
39. [The bank] is now estopped from asserting any defenses to [Impact’s] claim.
Following discovery, the bank moved for summary final judgment. The motion identifies all four causes of action (including estoppel) alleged against it in the complaint. A common sense reading of this motion demonstrates that the bank was arguing against the validity of all of *948 these causes of action. Although the heading to the legal argument portion of the motion specifically mentions only Counts I, II, and III of the complaint, the body of the motion addresses Impact’s attempt to avoid its warranty obligation via tort claims, an argument wholly inapplicable either to the statutory claims raised in Counts I and III or to the breach of contract claim alleged in Count II. The body of the motion also argues that common law principles of law and equity, which by definition include estoppel, apply to the Uniform Commercial Code unless displaced by the code, and that the code provisions that make Impact a warrantor of the deposited Westgate check displace common law, making estoppel unavailable to Impact:
The Plaintiff seeks to avoid its statutory warranty by utilizing conflicting tort theories. The Uniform Commercial Code preempts conflicting common law. “Unless displaced by the particular provisions of this code the principles of law and equity ... shall supplement its provisions.” § 671.103, Fla. Sta. (1983). The supreme court has observed, “[although general principles of law and equity are applicable to supplement the provisions of the code, they will not prevail when in conflict with code provisions.” Weiner v. American Petrofina Mktg., Inc., 482 So.2d 1362, 1364 (Fla.1986). For instance, in Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So.2d 967, [sic] (Fla. 3d DCA 1998), the third district held that section 670.207, Florida Statutes (1995), preempts a common law negligence claim relating to a wire transfer of funds between banks. While the wording of section 670.207 can be said to “displace” the common law action, and the official commentary supports such a view, that section does not unequivocally state that it changes the common law. See also [sic] Burtman, [sic] v. Technical Chemicals and Products, Inc., 724 So.2d 672 (Fla. 4th DCA 1999).
The Plaintiff is attempting to stand its warranty on its head. The express provisions of the UCC place the burden of altered instruments on the party which first negotiates it.
The motion concludes by stating that “[t]he complaint,” not just some parts of it, “should be dismissed.” (Emphasis added).
In light of the arguments made and the relief requested, Impact’s position in this appeal that judgment on Count IV for estoppel was improper because this “issue” was “not mentioned in the motion for summary judgment,” is incorrect.[1] While perhaps not a model of clarity, the substance of the motion was a request to have the court enter summary judgment in the bank’s favor on Impact’s complaint in its entirety-including Impact’s estoppel claim.
Although summary judgment should not be entered on a count not addressed in a motion for summary judgment, the law is clear‘that “the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it.” Fire & Cas. Ins. Co. of Connecticut v. Sealey, 810 So.2d 988, 992 (Fla. 1st DCA 2002); Indus. Affiliates, Ltd. v. Testa, 770 So.2d 202, 204 n. 1 (Fla. 3d DCA 2000)(stating that “if the motion is mislabeled, the court will look to the substance of the motion, not the label”); Estate of Willis v. Gaffney, 677 So.2d 949, 951 (Fla. 2d DCA 1996) (holding *949 that a court should look to the substance of a motion, not its title); Jones v. Denmark, 259 So.2d 198, 200 n. 1 (Fla. 3d DCA 1972) (noting that “the character of a motion will depend upon its grounds or contents, and not on its title”). Accordingly, we affirm the summary judgment on all counts as to Bank of America. We also affirm because the summary judgment order does not adjudicate any of the counts against West-gate which remain pending.
Affirmed.

. Impact's appeal is purely procedural and raises no issue as to the propriety of a judgment on the merits.