GROSS, J.
Tanya Truman Hauss, the plaintiff in the personal injury action below, appeals the denial of her post-trial motion for addi-tur. The defendant below, Benjamin Samuel Waxman, cross-appeals the trial court’s denial of his motion for remittitur.
We affirm, and write to explain our conclusion that Waxman’s motion for remitti-tur was untimely filed because it was not served within ten days after the return of the jury’s verdict.
The jury returned its verdict on November 8, 1999. On November 18, 1999, ten days later, Truman filed a motion for addi-tur or new trial on the issue of damages.
Fourteen days after the jury returned its verdict, on November 22, 1999, Wax-man filed a motion for remittitur. The motion was mailed to the plaintiffs counsel on November 19, 1999, eleven days after the jury returned the verdict.
The central question is whether a motion for remittitur is governed by Florida Rule of Civil Procedure 1.530(b) or 1.530(g).
Rule 1.530(b) states that “[a] motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action _” (Emphasis added). A verdict is returned when it “is announced in open court;” the date when the verdict is filed with the clerk is immaterial. See Hialeah Hotel, Inc. v. Woods, 778 So.2d 314, 317 n. 4 (Fla. 3d DCA 2000).
Rule 1.530(g), on the other hand, states that “[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.... ” (Emphasis added).
The civil rules do not indicate whether a motion for remittitur falls under rule 1.530(b) or (g). If 1.530(b) applies, then the motion was untimely. If the motion for remittitur is treated as a motion to alter or amend the final judgment under rule 1.530(g), then the motion was timely filed because it preceded the entry of a final judgment.
To resolve this issue, we adopt the reasoning of Fire & Casualty Insurance Co. of Connecticut v. Sealey, 810 So.2d 988 (Fla. 1st DCA), review denied, 828 So.2d 385 (Fla,2002), which held that a remittitur motion is “essentially a conditional motion for new trial,” such that it must be filed within ten days of the return of the jury verdict. Id. at 991.
In Sealey, the jury returned a verdict for damages in favor of the plaintiff on February 9, 2001. Approximately three months later on May 10, 2001, the trial court entered a final judgment reflecting the verdict. The defendant had not filed any post-trial motions challenging the verdict up to this point in time.
On Monday, May 21, 2001, the defendant served three motions, including one for remittitur.
Ruling that a motion for remittitur was governed by the ten-day time limit of rule *760 1.530(b), the first district rejected the defendant’s contention that the motion for remittitur should be treated as a motion to alter or amend the judgment. The court provided examples of instances where a post-trial motion would be properly considered under 1.530(g):
A motion to alter or amend is most often used to correct a substantive error in the judgment itself. For instance, it would be proper to file a motion to alter or amend if the judgment did not accurately reflect the decision of the court. The function of the motion in this class of cases is to inform the court that an issue was not adjudicated in the judgment in the same way that it was decided.
It would also be proper to file a motion to alter or amend to correct an error in the adjudication of a post-verdict issue. If the trial judge had erred in reducing the jury award to account for collateral source benefits, for example, the error could be addressed in a motion to alter or amend. In this situation, the motion seeks to correct an error reflected only in the judgment and not in the underlying jury verdict. The aggrieved party could not present the issue in a motion for a new trial, because the error is not one that would have been committed at that time.
Finally, a motion to alter or amend may be used to correct a judgment to the extent that it was based on an error of law. As an illustration of this point, if the trial court enters a judgment in excess of the legal limit of the defendant’s liability, the defendant can correct the error by filing a motion to alter or amend the judgment.
The common feature of these cases is that the motion to alter or amend was used in each case to correct an error in the judgment itself, and not an error in the course of the proceeding leading up to the judgment. All prior errors in a civil case can be corrected on appeal from the final judgment; but the scope of a motion to alter or amend the judgment is much more limited. A motion to alter or amend must address an issue relating directly and exclusively to the judgment ....
Id. at 992-93 (citations omitted) (emphasis added).
Because the motion for remittitur was untimely filed, we are without jurisdiction to consider Waxman’s points on appeal that the trial court erred in denying his motion as it involved past medical expenses and a set-off for collateral source benefits. Id. at 993 (noting that jurisdictional defect bars appellate review).
AFFIRMED.
FARMER, C.J., and GUNTHER, J., concur.