KLINGENSMITH, J.
Appellants, Osthene Joseph and Linda Develon, appeal the trial court’s denial of their joint motion for additur in an under-insured motorist action. The certificate of service on this motion reflects that it was not served until nineteen days after the return of the jury’s verdict. After the motion was served, and thirty-one days after the verdict was rendered, the court entered its judgment in favor of the appellants in accord with the jury’s findings.
Although other post-trial motions filed by the appellants were dismissed by the trial court as untimely, appellants asserted that their motion for additur could be considered because the ten-day rule in Florida Rule of Civil Procedure 1.530(b), in effect at the time the motion was filed, did not *504 apply to motions for additur.[1] The trial court heard the parties’ arguments on the additur request and ultimately denied the motion. Although this appeal ensued from the order denying the motion for additur, no appeal was ever filed against the final judgment.
Appellees allege this court does not have subject matter jurisdiction over this appeal because appellants’ motion for additur was untimely served in the trial court. For the reasons set forth below, we agree and dismiss appellants’ appeal.
A motion for additur is the equivalent of a conditional motion for new trial under rule 1.530(b); therefore, it must also be served within the same number of days after the verdict to suspend rendition of the final judgment. See Hauss v. Waxman, 866 So.2d 758, 759-60 (Fla. 4th DCA 2004); Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So.2d 988, 991 (Fla. 1st DCA 2002) (motion for remittitur is the equivalent of a conditional motion for new trial and must be served within ten days of verdict under Florida Rule of Civil Procedure 1.530(b)).
Here, appellants’ motion for additur was not timely served as required by Florida Rule of Civil Procedure 1.530(b) as it was filed with the trial court nineteen days after the return of the jury verdict. As a result, the rendition of the final judgment was not suspended. Because the appellants also failed to file a timely appeal following the entry of the judgment, this court does not have jurisdiction to consider the denial of the post-trial motion. See Sealey, 810 So.2d at 991 (an untimely motion for new trial is ineffective to suspend rendition of final judgment).

Appeal dismissed for lack of jurisdiction.

WARNER and FORST, JJ., concur.

. Pursuant to rule 1.530(b) "[a] motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action_” Rule 1.530 subsections (b) and (g) were both amended in 2013 to change the deadlines for service of certain motions from ten to fifteen days after the specified event.