IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DONALD EMMONS,

      Appellant,

v.

THOMAS WAYNE AKERS,
II and CASSANDRA AKERS,
as husband and wife,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4625

_____/

Opinion filed March 8, 2016.

An appeal from the Circuit Court for Escambia County.
Ross Goodman, Judge.

Jane Anderson and Kansas R. Gooden of Boyd & Jenerette, P.A., Jacksonville, for
Appellant.

Stephen H. Echsner and E. Samuel Geisler of Aylstock, Witkin, Kreis &
Overholtz, PLL, Pensacola and Louis K. Rosenbloum of Louis K. Rosenbloum,
P.A., Pensacola, for Appellees.

WINOKUR, J.

      Finding that the amount awarded by the jury in this personal injury action

was inadequate, the court below granted appellees' motion for additur. Upon

appellant's refusal to agree to the additur, the court ordered a new trial on the issue of disputed damages only, as required by statute. Appellant argues that the jury's award was supported by the evidence and that the court erred by disturbing the verdict. While the trial court must give substantial deference to the jury's verdict in determining whether to grant an additur, precedent requires this Court to give deference to the trial court's order granting new trial. Applying this standard, we affirm the order under review.

Appellees, Thomas Wayne Akers II, and his wife Cassandra Akers, filed a personal injury action against Appellant, Donald Emmons, as a result of an automobile accident. Mr. Akers amended his existing negligence action, from a separate automobile accident, to include a claim against Emmons. Mr. Akers sought damages for bodily injury, medical expenses, and loss of earnings, as well as damages for the aggravation of a pre-existing condition. Ms. Akers sought damages for loss of consortium.

For the accident involving Emmons, the jury returned a verdict for Mr. Akers finding he had suffered a permanent injury or an aggravation of a pre-existing condition as a result of the accident. The jury awarded $13,983.85 for past medical expenses, and $4,500 in future medical expenses. The jury awarded $1,000 respectively for past pain and suffering, future pain and suffering, past loss of consortium, and future loss of consortium.

Appellees moved for additur, arguing that the awards for future medical expenses, past and future pain and suffering, and past and future loss of consortium were inadequate in light of the unrebutted evidence and were against the manifest weight of the evidence. Appellant responded that additur would be improper since there was conflicting evidence, and the jury could have reached its verdict in a manner consistent with the evidence. The trial court entered an order granting additur or new trial. The order granted an additur in the amount of $195,000 for future medical expenses, $100,000 for past and future pain and suffering, and $100,000 for past and future loss of consortium. Alternatively, the order granted a new trial if the additur was rejected. Appellant rejected the additur, and appeals.

Section 768.043, Florida Statutes (2014), requires a trial court, upon motion, to grant an additur if the amount awarded was "inadequate in light of the facts and circumstances which were presented to the trier of fact." The statute sets out criteria that the court must consider before awarding additur:

> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
> (b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.

3

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.043(2)(a)–(e), Fla. Stat. If the party adversely affected by an additur does not agree to the additur, the court must order a new trial in the cause on the issue of damages only. § 768.043(1), Fla Stat.[*]

"Section 768.74 did not alter the 'longstanding principles' governing a trial court's deference to a jury's assessment of damages." Aurbach v. Gallina, 721 So. 2d 756, 758 (Fla. 4th DCA 1998) (citing Poole v. Veterans Auto Sales & Leasing Co., Inc., 668 So. 2d 189, 191 (Fla. 1996)). "In deciding whether or not to grant a new trial, the trial judge should not sit as a 'seventh juror,' thereby substituting his or her resolution of the factual issues for that of the jury." Poole, 668 So. 2d at 191. Absent an abuse of discretion, an appellate court should not reverse an order granting a new trial. Smith v. Brown, 525 So. 2d 868 (Fla. 1988).

In the present case, the trial court's written order set forth the basis for granting an additur by providing its findings as set forth in the statutory criteria. The additur was subsequently refused, resulting in a new trial as to damages. "We are unable to say, after viewing the evidence as a whole, that reasonable men could

---

[*] While section 768.043 relates only to actions for damages arising out of the operation of a motor vehicle, section 768.74 permits additur and remittitur in any negligence action under the same requirements. Case law construing section 768.74 applies equally to cases involving section 768.043.

not have concluded that the verdict . . . was against the manifest weight of the evidence." Smith, 525 So. 2d at 870. Because the trial court's conclusions are not unreasonable, its order granting a new trial should be affirmed.

Appellant reasonably argues that the amounts of the jury's awards were supported by the evidence, and that the trial court erred in "vetoing" the verdict by granting a motion for additur. However, this argument ignores the Supreme Court's analysis in Poole. While recognizing that "the standard of review for an additur or remittitur based on section [768.74] focuses on the reasonableness of the jury's actions in light of the record," the Poole court concluded that the only issue before it was the propriety of an order granting new trial, rather than the propriety of the additur itself: "We know of no authority which would allow an appellate court to even address the propriety of an additur . . . when the additur has been refused." Poole, 668 So. 2d at 191. Thus, even if we agreed with appellant that the evidence supported the jury's awards, that fact alone would not provide a basis for reversal. See Van v. Schmidt, 122 So. 3d 243, 258 (Fla. 2013) (ruling that the district court erred "by simply disagreeing with the trial court's assessment of the facts and weighing of the evidence and proceeding to analyze whether competent, substantial evidence supported the jury's verdict").

5

Accordingly, we affirm the trial court's order and remand for a new trial on damages on those issues of future medical expenses, past and future pain and suffering, and past and future loss of consortium.

LEWIS and MAKAR, JJ., CONCUR.