DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**HANS JURG BANZIGER,**
Appellee.

No. 4D2022-2977

[August 14, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. 21-003421 CACE (04).

David A. Noel and Kara Rockenbach Link of Link & Rockenbach, PA, West Palm Beach, for appellant.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellee.

PER CURIAM.

Universal Property & Casualty Insurance Company ("Universal") appeals a final order granting summary judgment in favor of and awarding damages to Hans Jurg Banziger (the "Insured"). Because the judgment granted exceeds the grounds for summary judgment identified in the Insured's motion, we reverse.

> A party may move for summary judgment, *identifying each claim or defense--or the part of each claim or defense--*on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fla. R. Civ. P. 1.510(a) (emphasis added).

"It is well-settled that a trial court violates due process and commits reversible error when it grants a party relief that the party did not request." *Booth v. Hicks*, 301 So. 3d 369, 370 (Fla. 2d DCA 2020). "It is reversible

error to enter summary judgment on a ground not raised with particularity in the motion." *McLlenan v. Cypress Chase N. Condo. No. 4 Ass'n*, 49 Fla. L. Weekly D1197 (Fla. 4th DCA June 5, 2024) (quoting *Alexopoulos v. Gordon Hargrove & James, P.A.*, 109 So. 3d 248, 249 (Fla. 4th DCA 2013)).

With respect to the cause of action at issue in this case, "[a]n insured claiming under an all-risks policy has the [initial] burden of proving that the insured property suffered a loss while the policy was in effect." *Kokhan v. Auto Club Ins. Co. of Fla.*, 297 So. 3d 570, 572 (Fla. 4th DCA 2020) (quoting *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 941 (Fla. 4th DCA 2018)).

The Insured moved for "final" summary judgment, and, after Universal failed to oppose the motion, the trial court granted final summary judgment. However, the argument section of the Insured's motion addressed only post-loss obligations, notice, policy compliance, and Universal's affirmative defenses. The Insured did not argue or otherwise demonstrate in his motion that there was no genuine dispute as to the fact that the insured property suffered a loss while the policy was in effect or as to the amount of damages. Thus, Universal did not have adequate notice that these grounds were at issue.

In light of these deficiencies, it is inconsequential that the Insured labeled his motion "final" summary judgment. *See Impact Computs. & Elecs., Inc. v. Bank of Am., N.A.*, 852 So. 2d 946, 948 (Fla. 3d DCA 2003) ("[T]he law is clear that 'the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it.'" (quoting *Fire & Cas. Ins. Co. of Conn. v. Sealey*, 810 So. 2d 988, 992 (Fla. 1st DCA 2002))).

Moreover, while rule 1.510(e) permits a trial court to treat a movant's "assertion of fact" as undisputed where a nonmovant fails to address it, the motion does not assert the total amount of damages as a fact. We further reject the Insured's argument that the trial court properly "grant[ed] the motion on grounds not raised by a party" pursuant to rule 1.510(f)(2). Rule 1.510(f) permits this only after the court gives the parties "notice and a reasonable time to respond," which did not occur here. Contrary to the Insured's suggestions otherwise, the 2021 amendment to rule 1.510 did not disturb the basic requirement of due process that a party opponent must be afforded adequate notice of the specific claims that are to be heard at a given hearing.

Because the Insured failed to seek summary judgment as to his initial burden and damages, the trial court erred by entering final summary

judgment.  We reverse the final summary judgment, and we remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER, CIKLIN and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**